ORIGINAL

FILED
DISTRICT COURT OF GUAM

MAR 14 2017

JEANNE G. QUINATA
CLERK OF COURT

1  SHAWN N. ANDERSON
   Acting United States Attorney
2  MARIVC P. DAVID
   Assistant United States Attorney
3  STEPHEN F. LEON GUERRERO
   Assistant United States Attorney
4  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
5  Hagåtña, Guam 96910
   PHONE: (671) 472-7332
6  FAX: (671) 472-7215

7  Attorneys for the United States of America

8              IN THE UNITED STATES DISTRICT COURT

9               FOR THE TERRITORY OF GUAM

10  UNITED STATES OF AMERICA,          CRIMINAL CASE NO: 17 - 00020

11                                     **INDICTMENT**

                Plaintiff,
12                                     **CONSPIRACY TO COMMIT WIRE FRAUD**
                                       [18 U.S.C. §§ 1349 and 1343]   (Count 1)
13                                     **WIRE FRAUD**
                                       [18 U.S.C. §§ 1343 and 2]   (Counts 2 to 27)
14                                     **THEFT OF GOVERNMENT PROPERTY**
                                       [18 U.S.C. § 641]   (Count 28)
15                                     **CONSPIRACY TO COMMIT MONEY
                                       LAUNDERING**
16          vs.                        [18 U.S.C. §§ 1956(h), 1957, and
                                       1956(a)(1)(B)(i)]   (Count 29)
17                                     **ENGAGING IN MONETARY
                                       TRANSACTIONS WITH PROCEEDS OF
18                                     SPECIFIED UNLAWFUL ACTIVITY**
                                       [18 U.S.C. §§ 1957 and 2]   (Counts 30 to 36)
19                                     **LAUNDERING OF MONETARY
                                       INSTRUMENTS**
20                                     [18 U.S.C. §§ 1956(a)(1)(B)(i) and 2]
                                       (Counts 37 to 55)
21                                     **FALSE STATEMENT ON LOAN
    MARK S. SMITH, and                 APPLICATION**
22  GLENN D. WONG,                     [18 U.S.C. §§ 1014 and 2]  (Count 56)
                                       **NOTICE OF FORFEITURE**
23              Defendants.            [18 U.S.C. § 982(a)(1) and (a)(2);
                                       21 U.S.C. § 853; 28 U.S.C. § 2461(c)]
24

REDACTED

THE GRAND JURY CHARGES:

## COUNT 1 – CONSPIRACY TO COMMIT WIRE FRAUD

### Introduction

At all times relevant to this Indictment:

### The Section 8 Housing Choice Voucher Program

1. The United States Department of Housing and Urban Development ("HUD") is a federal agency that developed and operates a program which provides rental assistance under Section 8 of the United States Housing Act of 1937. This Section 8 Housing Choice Voucher Program ("Section 8 Program"), funded by HUD, is a rent subsidy program that assists low income families, the elderly, and the disabled to afford housing in the private market. On an annual basis, HUD provided federal funding to public housing authorities ("PHA") to develop and operate the Section 8 Program. In accepting these funds, the PHAs were bound to comply with federal laws and regulations in distributing and spending these funds.

2. The Guam Housing and Urban Renewal Authority ("GHURA"), a component of the Government of Guam, is a PHA that administers the Section 8 Program. GHURA received federal operating subsidies in excess of $10,000 under an annual contributions contract with HUD.

3. Under the Section 8 Program, GHURA was authorized to receive applications for housing assistance from eligible tenants and to agree to Housing Assistance Payments ("HAP") Contracts with private landlords to subsidize the rent they received in amounts based upon the tenants' incomes. The rent subsidy, also known as HAP, was the difference between what the tenant paid and the contract rent established for that tenant. Landlord HAP checks or funds were paid directly to the landlord by GHURA on behalf of the participating tenant. HUD fully funded the payment of rent subsidies to residential landlords.

4. GHURA maintained a checking account at the Bank of Guam, Account No.

INDICTMENT - 2

ending 1267 ("the GHURA 1267 Account"), for the Section 8 Program in order to receive HUD subsidies and pay Section 8 HAP funds directly to landlords via electronic funds transfer or direct deposits to their bank accounts.

5. GHURA maintained paper and electronic records, including a computer software system that provided a database, among other things, of tenants, landlords, and rental properties.

**The Defendants**

6. Defendant MARK S. SMITH ("SMITH") was hired by GHURA on or about March 18, 2011, as its legal counsel to provide legal advice and other legal support on all of its programs, including HUD's Section 8 Program. Among the federal laws and regulations which applied to GHURA were regulations regarding conflicts of interest. As GHURA's legal counsel who formulated policy or influenced decisions with respect to the HUD programs, SMITH was prohibited by 24 C.F.R. §982.161(a)(1) from receiving, directly or indirectly, any Section 8 HAP funds on any rental properties he owned or controlled, during his term as legal counsel or for one year thereafter.

7. Defendant SMITH was a landlord under the Section 8 Program and directly received an aggregate amount of $98,665 in HAP funds during in or about April 2011, to in or about January 2012, and while serving as GHURA's legal counsel. As a Section 8 Program landlord, SMITH and/or his designee executed several HAP contracts which required him to comply with its conflict of interest provisions.

8. Defendant GLENN D. WONG ("WONG") is a friend of SMITH, and employed as a senior flight attendant by United Airlines.

**The Rental Properties**

9. Defendant MARK S. SMITH owned and rented properties under HUD's Section 8

INDICTMENT - 3

Program. These properties were located in Dededo, Mongmong-Toto-Maite, Tamuning, and Agat and are further described as follows:

A. Marigold Property

Lot No. 12, Block No. 1, Phase 1, Tract 545, Dededo, Guam (Estate No. 20915 under Basic Lot No. 10094-1-1, Dededo), Suburban, as said lot is marked and designated on Map Drawing Number JPD-S-87-02 (LM#171 FY87), dated August 10, 1987 and recorded August 24, 1987 in the Department of Land Management, Government of Guam under Instrument Number 388647A.

B. Kayen Pution Property

Lot No. 3, Block No. 3, Tract 1031A, Dededo, Guam (Estate No. 55975 under Basic Lot No. 1, Tract No. 1031A), Suburban, as said lot is marked and designated on Drawing No. 8603 (LM#270 FY86), dated January 29, 1987 and recorded on February 11, 1987, under Instrument No. 381178, in the Department of Land Management, Government of Guam.

C. Smith Apartments Property

Parcel I – Lot Number 1139-1 (Consolidation of Lots 1139-1 and Portion of 1139-4), Municipality of Mongmong-Toto-Maite, (Formerly of Sinajana), Territory of Guam, Estate Number 10692, Suburban, as said Lot is marked and designated on Drawing Number U-11-66F-04S, as described in that Property Map, dated February 6, 1967 and recorded February 6, 1967 at the Records Division, Department of Land Management, Government of Guam, under Document Number 79355.

Parcel II – Lot Number 1139-4, Municipality of Mongmong-Toto-Maite (Formerly of Sinajana), Territory of Guam, Estate Number 12655, Suburban, as said Lot is marked and designated on Drawing Number U-11-66F-04S, as described in that Consolidation Survey Plat, dated January 20, 1967 and recorded February 6, 1967 at the Records Division, Department of Land Management, Government of Guam under Document Number 79351.

D. Sunrise D Condominium Property

Apartment Number 105-D in fee simple, as shown on the plans of Sunrise D Condominium, Registration Number 39, filed in the Office of the Recorder under Land Management Document 377672 Lot No. 5065-9 NEW, Municipality of Tamuning (Formerly of Dededo), (A consolidation of Lots 5065-9-1, 5065-9-2 and 5065-9-R2), consolidated by Drawing Number MS-86026, Filed with Land Management under Instrument Number 377672.

INDICTMENT - 4

E. <u>Perino Street Property</u>

Lot No. 206-3, (Subdivision of Lot Number 206), Municipality of Agat, Territory of Guam, Estate Number 23851, Suburban, as said Lot is marked and designated on Drawing Number 7404-110, as L.M. Check Number 534 FY74, as described in that Parcelling Survey Plat, dated April 3, 1974, recorded April 3 1974, at the Records Division, Department of Land Management, Government of Guam, under Document Number 234854.

**The Financial Institutions and Accounts**

10. Defendant MARK S. SMITH maintained a Bank of Guam checking account, opened in various names, including Mark Shawn Smith The Law Offices of Trust Acct; Mark Shawn Smith The Law Office of Mark S. Smith Trust Acct; and Mark Shawn Smith Operations Account, Account No. ending 4451 ("the Smith 4451 Account") which he used, in part, to electronically receive direct deposits of HAP funds.

11. Defendant MARK S. SMITH maintained a First Hawaiian Bank MasterCard account in the name of Mark S. Smith, Law Office of Mark Smith, Account No. ending 5023. This account later changed to Account No. ending 9999, and Account No. ending 7190 ("the Smith 5023 Credit Card Account").

12. Defendant MARK S. SMITH maintained a First Hawaiian Bank MasterCard account in the name of Mark S. Smith, Account No. ending 7563, which account changed to Account No. ending 6251, and Account No. ending 9296 ("the Smith 6251 Credit Card Account" and "the Smith 9296 Credit Card Account").

13. Defendant MARK S. SMITH maintained a First Hawaiian Bank FirstLine Equity account in the name of Mark S. Smith, Account No. ending 7656 ("the Smith 7656 Loan Account").

14. Defendant MARK S. SMITH maintained a First Hawaiian Bank FirstLine Equity account in the name of Mark S. Smith, Account No. ending 0800 ("the Smith 0800 Loan Account").

INDICTMENT - 5

15. Defendant MARK S. SMITH maintained a First Hawaiian Bank FirstLine Equity account in the name of Mark Shawn Smith, Account No. ending 3409 ("the Smith 3409 Loan Account").

16. Defendant MARK S. SMITH maintained a First Hawaiian Bank checking account in the name of Mark S. Smith, Account No. ending 9090 ("the Smith 9090 Checking Account").

17. Defendants MARK S. SMITH and GLENN D. WONG maintained a First Hawaiian Bank Savings account in the names of Mark S. Smith and Glenn D. Wong Account No. ending 1317 ("the Smith-Wong 1317 Savings Account").

18. Defendant GLENN D. WONG maintained a First Hawaiian Bank checking account in the name of Glenn D. Wong, Account No. ending 8369, ("the Wong 8369 Account") which he used, in part, to electronically receive direct deposits of HAP funds.

19. Bank of Guam and First Hawaiian Bank were financial institutions, within the meaning of 18 U.S.C. § 1956 and 31 U.S.C. § 5312, which were engaged in, and whose activities affected, interstate and foreign commerce.

## The Conspiracy and Scheme to Defraud

20. Beginning in or about November 2011 and continuing through on or about September 1, 2016, in the District of Guam, and elsewhere, the defendants MARK S. SMITH and GLENN D. WONG, knowingly and willfully combined, conspired and agreed with each other, and with other persons unknown to the Grand Jury, to devise, execute, and attempt to execute a scheme and artifice to defraud HUD and GHURA to obtain money and property, to wit, Section 8 Program Housing Assistance Payments or HAP funds, by means of false and fraudulent pretenses, representations and promises, and material omissions, and caused the transmission of certain writings and signals by means of wire in interstate or foreign commerce, for the purpose of executing said scheme and artifice, in violation of 18 U.S.C. § 1343.

INDICTMENT - 6

21.  The object of the conspiracy was for defendants to unlawfully enrich themselves by materially misrepresenting to HUD, GHURA, and others their ownership and control of rental properties under the Section 8 Program in order to obtain HAP funds, and to perpetuate and conceal the fraud by engaging in financial and monetary transactions, and tax- and real property-related transactions which were designed to conceal the nature, source, ownership and control of the funds and Section 8 rental properties.

## Manner and Means of the Conspiracy and Scheme to Defraud

22.  It was part of the conspiracy and scheme to defraud that defendant MARK S. SMITH concealed from GHURA and HUD his ownership and control of rental properties which he and defendant GLENN D. WONG enrolled in the Section 8 Program.

23.  It was part of the scheme to defraud that, on or about March 2011, MARK S. SMITH executed a contract with GHURA to serve as its legal counsel, and falsely certified to GHURA he had no conflict of interest that would prevent him from serving as its legal counsel, when, in fact, SMITH knew he had such a conflict, since he was a landlord under the Section 8 Program and was receiving landlord HAP funds into the Smith 4451 Account.

24.  It was further part of the scheme to defraud that defendant MARK S. SMITH sought and obtained, directly and indirectly, landlord HAP funds under the Section 8 Program for rental properties he owned or controlled during his term as legal counsel with GHURA and one year thereafter.

25.  It was further part of the conspiracy and scheme to defraud that defendants MARK S. SMITH and GLENN D. WONG made and caused to be made material misrepresentations and omissions to GHURA, HUD, and others regarding their ownership and control of rental properties enrolled in the Section 8 Program to cause GHURA to issue landlord HAP funds to defendant

INDICTMENT - 7

WONG for rental properties owned or controlled by defendant SMITH during SMITH's term as legal counsel with GHURA and one year thereafter.

26. It was further part of the conspiracy and scheme to defraud that defendants MARK S. SMITH and GLENN D. WONG opened or maintained bank accounts which they used as repositories for the fraudulently obtained landlord HAP funds and proceeds.

27. It was further part of the scheme to defraud that, from in or about April 2011 to in or about January 2012, defendant MARK S. SMITH caused GHURA to electronically transfer approximately $98,665 in landlord HAP funds into the Smith 4451 Account during his term as legal counsel with GHURA.

28. It was further part of the conspiracy and scheme to defraud that, from in or about March 2012 to in or about May 2014, defendants MARK S. SMITH and GLENN D. WONG caused GHURA to directly deposit approximately $281,122 in landlord HAP funds into the Wong 8369 Account during SMITH's term as legal counsel with GHURA and one year thereafter.

29. It was further part of the conspiracy and scheme to defraud that defendant GLENN D. WONG, upon receipt of the landlord HAP funds deposited into the Wong FHB 8369 account, would thereafter distribute the funds to defendant MARK S. SMITH by, among other things, transferring and withdrawing funds, and writing checks to make payments for credit cards of SMITH and his law office, and payments for loans and other accounts of SMITH.

### Overt Acts

30. In furtherance of the conspiracy, and to effect the objects thereof, the defendants MARK S. SMITH and GLENN D. WONG committed the following overt acts in the District of Guam and elsewhere:

A. On or about November 15, 2011, SMITH purportedly transferred his interest in the

INDICTMENT - 8

1 | Marigold Property, Kayen Pution Property, Smith Apartments Property, and Sunrise D
2 | Condominium Property to WONG by quitclaim deed which was recorded on December 12, 2011.

3 |      B.  On or about November 14, 2011, WONG gave special power-of-attorney
4 | to SMITH's mother, whose initials are R.R.O, to operate and manage the above-referenced
5 | properties for Wong.

6 |      C.  On or about November 14, 2011, SMITH directed an individual whose initials are
7 | G.T., a tenant and handyman at the Smith Apartments Property, to hand out flyers to tenants which
8 | purportedly notified them that WONG owned the Smith Apartments Property.

9 |      D.  On or about the dates set forth below, SMITH caused GHURA to electronically transfer
10 | landlord HAP funds into the Smith 4451 Account in the following aggregate amounts while
11 | serving as GHURA's legal counsel:

| Overt Act | Date | Amount of HAP funds |
|---|---|---|
| i | 12-01-11 | $10,602 |
| ii | 01-03-12 | $ 9,840 |

15 |      E.  On or about February 9, 2012, SMITH and WONG opened the Smith-Wong 1317
16 | Savings Account at First Hawaiian Bank.

17 |      F.  On or about February 14, 2012, SMITH and/or WONG caused an account certification
18 | letter to be submitted to GHURA in order to receive HAP funds into the Smith-Wong 1317 Savings
19 | Account.

20 |      G.  On or about February 22, 2012, SMITH and WONG caused to be submitted
21 | to GHURA a HAP Contract for Apartment 8 of the Smith Apartments Property listing WONG as
22 | the purported owner of the Smith Apartments Property.

23 |      H.  On or about March 8, 2012, WONG opened the Wong 8369 Account at First Hawaiian

INDICTMENT - 9

Bank, and WONG and SMITH caused a Landlord Direct Deposit Authorization form to be submitted to GHURA in order to receive landlord HAP funds into the Wong 8369 Account for the Section 8 rental properties.

I. On or about March 9, 2012, SMITH and/or WONG caused a FHB account certification letter to be submitted to GHURA in order to receive landlord HAP funds into the Wong 8369 Account.

J. On or about March 27, 2012, SMITH and WONG caused to be submitted to GHURA a HAP Contract Amendment for Apartment 6 of the Smith Apartments Property listing WONG as the purported new owner and lessor of the Smith Apartments Property.

K. On or about April 30, 2012, during a GHURA board meeting, SMITH stated he did not have any conflict of interest and he did not notify HUD of any conflict of interest.

L. On or about June 1, 2012, WONG obtained from the Government of Guam Department of Revenue and Taxation ("DRT") a business license to rent property.

M. On or about June 4, 2012, SMITH and WONG caused to be submitted to GHURA a HAP Contract and Lease for Voucher Tenancy HCV Program form for the Smith Apartments Property, which form listed WONG as its purported owner.

N. On or about August 27, 2012, SMITH purportedly transferred his interest in the Perino Street Property to WONG by quitclaim deed which was recorded on October 9, 2012.

O. On or about August 30, 2012, SMITH and WONG caused to be submitted to GHURA a HAP Contract for the Perino Street Property which listed WONG as its purported owner.

P. On or about the dates set forth below, WONG caused GHURA to directly deposit landlord HAP funds into the Wong 8369 Account in the following aggregate amounts during the period SMITH served as GHURA's legal counsel and one year thereafter:

INDICTMENT - 10

| Overt Act | Date | Amount of HAP funds |
|---|---|---|
| i | 03-16-12 | $10,816 |
| ii | 04-03-12 | $ 4,155 |
| iii | 05-02-12 | $ 2,997 |
| iv | 06-01-12 | $33,461 |
| v | 06-18-12 | $ 1,525 |
| vi | 07-03-12 | $ 9,872 |
| vii | 08-02-12 | $ 9,872 |
| viii | 09-05-12 | $10,864 |
| ix | 12-17-12 | $34,913 |
| x | 01-03-13 | $11,835 |
| xi | 02-04-13 | $11,835 |
| xii | 03-01-13 | $10,690 |
| xiii | 04-02-13 | $10,668 |
| xiv | 05-02-13 | $10,668 |
| xv | 06-04-13 | $10,360 |
| xvi | 07-02-13 | $11,534 |
| xvii | 08-02-13 | $ 9,455 |
| xviii | 09-04-13 | $ 6,426 |
| xix | 10-02-13 | $11,972 |
| xx | 11-04-13 | $ 9,420 |
| xxi | 12-03-13 | $ 9,258 |
| xxii | 01-03-14 | $ 8,668 |
| xxiii | 02-04-14 | $ 7,091 |
| xxiv | 03-04-14 | $ 7,091 |
| xxv | 04-02-14 | $ 7,838 |
| xxvi | 05-02-14 | $ 7,838 |

Q.  Sometime after October 2012, SMITH and WONG executed purchase agreements for the above-referenced Section 8 rental properties which were purportedly transferred in or about November 2011 and August 2012.

R.  On or about October 3, 2014, WONG received a $687,098.72 check from the sale of the Smith Apartments Property, which he deposited in his First Hawaiian Bank checking account, Account No. ending 2986 ("the Wong 2986 Checking Account); thereafter, on or about October 9, 2014, WONG paid SMITH a $687,098.72 check which SMITH deposited into the Smith 9090 Checking Account.

S.  On or about October 16, 2014, WONG applied for a $350,000 mortgage loan with Bank

INDICTMENT - 11

1    of Guam for, among other things, the Sunrise D Condominium Property.

2    T. On or about October 20, 2014, WONG deposited a Bank of Guam $337,428 check
3 into the Wong 2986 Checking Account; thereafter, on or about October 30, 2014, WONG paid
4 SMITH a $337,428 check which SMITH deposited into his First Hawaiian Bank Maximizer
5 account, Account No. ending 6069.

6    U. On or about September 3, 2015, WONG attempted to conceal and perpetuate the
7 purported transfer of SMITH's rental properties to himself (WONG) by causing to amend his 2011,
8 2012, and 2013 personal tax returns to reflect rental income.

9    V. On or about September 4, 2015, SMITH attempted to conceal and perpetuate the
10 purported transfer of his rental properties to WONG by causing to amend his (SMITH) 2011
11 personal tax return, to reflect income from, among other things, the installment payments and
12 capital gains from the sales of rental properties; thereafter, on or about August 18, 2016, SMITH
13 made false statements to DRT, under penalty of perjury, in support of his request for an abatement
14 of tax penalties.

15    W. On or about October 9, 2015, SMITH attempted to conceal and perpetuate the
16 purported transfer of his rental properties to WONG by causing to amend his (SMITH) 2012
17 personal tax return, to reflect income from, among other things, the installment payments and
18 capital gains from the sales of rental properties; thereafter, on or about August 18, 2016, SMITH
19 made false statements to DRT, under penalty of perjury, in support of his request for an abatement
20 of tax penalties.

21    X. On or about November 19, 2015, SMITH attempted to conceal and perpetuate the
22 purported transfer of his rental properties to WONG by causing to amend his (SMITH) 2013
23 personal tax return, to reflect income from, among other things, the installment payments and
24 capital gains from the sales of rental properties; thereafter, on or about August 18, 2016, SMITH

INDICTMENT - 12

made false statements to DRT, under penalty of perjury, in support of his request for an abatement of tax penalties.

Y.   On or about January 12, 2016, SMITH attempted to conceal and perpetuate the purported transfer of his rental properties to WONG by causing to file his (SMITH) 2014 personal tax return, to reflect income from, among other things, the installment payments and capital gains from the sales of rental properties; thereafter, on or about August 18, 2016, SMITH made false statements to DRT, under penalty of perjury, in support of his request for an abatement of tax penalties.

All in violation of 18 U.S.C. §§ 1349 and 1343.

## COUNTS 2 to 27– WIRE FRAUD

31.   The Grand Jury incorporates by reference and re-alleges paragraphs 1 through 30 of Count 1 of this Indictment as if fully set forth herein.

32.   The Automated Clearinghouse ("ACH") is a nationwide electronic network system that provides for the inter-bank clearing of credit and debit transactions among financial institutions.   The Federal Reserve Banks collectively is an ACH operator and acts as a clearinghouse for checks, credits, wire transfers, bank drafts and other commercial instruments, negotiated between and among various federally-insured banks.

33.   GHURA paid the Section 8 HAP funds directly to landlords by electronic transfer via the ACH.   The HAP funds were sent from the GHURA 1267 Account in Guam, through the Federal Reserve Banks' ACH network in the continental United States, to the Wong 8369 Account at First Hawaiian Bank in Guam.

34.   On or about the dates set forth below, in the District of Guam and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, the defendants MARK S. SMITH and GLENN D. WONG, aided and abetted by each other,

INDICTMENT - 13

knowingly caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals and sounds, to wit, the Section 8 HAP funds transferred in interstate commerce by means of wire communications through the ACH system from the Federal Reserve Banks' ACH network in the continental United States to First Hawaiian Bank in Guam, as more particularly described for each count below:

| Count | Date of Deposit | Amount of Section 8 HAP Transfer/Deposit |
|---|---|---|
| 2 | 03-16-12 | $10,816 |
| 3 | 04-03-12 | $4,155 |
| 4 | 05-02-12 | $2,997 |
| 5 | 06-01-12 | $33,461 |
| 6 | 06-18-12 | $1,525 |
| 7 | 07-03-12 | $9,872 |
| 8 | 08-02-12 | $9,872 |
| 9 | 09-05-12 | $10,864 |
| 10 | 12-17-12 | $34,913 |
| 11 | 01-03-13 | $11,835 |
| 12 | 02-04-13 | $11,835 |
| 13 | 03-01-13 | $10,690 |
| 14 | 04-02-13 | $10,668 |
| 15 | 05-02-13 | $10,668 |
| 16 | 06-04-13 | $10,360 |
| 17 | 07-02-13 | $11,534 |
| 18 | 08-02-13 | $ 9,455 |
| 19 | 09-04-13 | $ 6,426 |
| 20 | 10-02-13 | $11,972 |
| 21 | 11-04-13 | $ 9,420 |
| 22 | 12-03-13 | $ 9,258 |
| 23 | 01-03-14 | $ 8,668 |
| 24 | 02-04-14 | $ 7,091 |
| 25 | 03-04-14 | $ 7,091 |
| 26 | 04-02-14 | $ 7,838 |
| 27 | 05-02-14 | $ 7,838 |

All in violation of 18 U.S.C. §§ 1343 and 2.

INDICTMENT - 14

## COUNT 28 – THEFT OF GOVERNMENT PROPERTY

35. The Grand Jury re-alleges paragraphs 1 through 30 of Count 1, and paragraphs 31 through 34 of Counts 2 to 27 of this Indictment as if fully set forth herein.

36. Beginning in or about March 2011 and continuing to in or about May 31, 2014, in the District of Guam, and elsewhere, the defendant MARK S. SMITH, in a continuing course of conduct, did knowingly embezzle, steal, purloin and convert to his use or the use of another, money and things of value of the United States Department of Housing and Urban Development ("HUD"), a department or agency of the United States, namely, Section 8 Program Housing Assistance Payments or landlord HAP funds to which he knew he was not entitled, having a value exceeding $1,000, that is approximately $379,787, in violation of 18 U.S.C. § 641.

## COUNT 29 - CONSPIRACY TO COMMIT MONEY LAUNDERING

37. The Grand Jury re-alleges paragraphs 1 through 30 of Count 1, paragraphs 31 through 34 of Counts 2 to 27, and paragraphs 35 through 36 of Count 28 of this Indictment as if fully set forth herein.

38. Beginning in or about November 2011 and continuing through on or about September 1, 2016, in the District of Guam and elsewhere, the defendants MARK S. SMITH and GLENN D. WONG, knowingly and willfully combined, conspired, and agreed with each other and with other persons unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957:

       a. to knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Conspiracy to Commit Wire Fraud, or Wire Fraud, or Theft of Government Property, in violation of 18 U.S.C. § 1957; and

INDICTMENT - 15

b.   to knowingly conduct and attempt to conduct financial transactions, affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, i.e., Conspiracy to Commit Wire Fraud, or Wire Fraud, or Theft of Government Property, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## Manner and Means of the Conspiracy

39.  It was a part of the conspiracy that defendants MARK S. SMITH and GLENN D. WONG would cause GHURA and HUD to remit payments of the proceeds of defendants' wire fraud conspiracy, wire fraud scheme or theft of government property scheme into accounts at Bank of Guam and First Hawaiian Bank, i.e., the Smith 4451 Account and the Wong 8369 Account, which were under the control of the defendants.

40.  It was further a part of the conspiracy that defendants MARK S. SMITH and GLENN D. WONG would use the proceeds of their wire fraud conspiracy, wire fraud scheme, or theft of government property scheme to conduct monetary and financial transactions.

41.  It was further a part of the conspiracy that defendants MARK S. SMITH and GLENN D. WONG would thereafter transfer proceeds of the wire fraud conspiracy, wire fraud scheme, or theft of government property scheme to other bank accounts which they also used to conduct further monetary and financial transactions to further enrich themselves.

All in violation of 18 U.S.C. § 1956(h).

INDICTMENT - 16

## COUNTS 30 – 36 - ENGAGING IN MONETARY TRANSACTIONS WITH PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY

42. The Grand Jury incorporates by reference and re-alleges paragraphs 1 through 30 of Count 1, paragraphs 31 through 34 of Counts 2 to 27, paragraphs 35 through 36 of Count 28, and paragraphs 37 through 41 of Count 29 of this Indictment as if fully set forth herein.

43. Defendants MARK S. SMITH and GLENN D. WONG used the Wong 8369 Account at First Hawaiian Bank, a federally insured financial institution, to conduct monetary transactions.

44. On or about the dates set forth below, in the District of Guam and elsewhere, the defendants MARK S. SMITH and GLENN D. WONG as set forth below, aided and abetted by each other, did knowingly engage and attempt to engage in the following monetary transactions by, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of funds as set forth below, such property having been derived from a specified unlawful activity, that is, Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, or Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2, or Theft of Government Property in violation of 18 U.S.C § 641:

| Count | Date | Defendants | Description of Monetary Transaction | Amount Withdrawn |
|-------|------|------------|-------------------------------------|------------------|
| 30 | 06-06-12 | Mark S. Smith, Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment in part of $40,000 to the Smith 7656 Loan Account | $40,000 |
| 31 | 07-09-12 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $12,000 to the Smith 0800 Loan Account | $12,000 |
| 32 | 09-20-12 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $11,000 to the Smith 5023 Credit Card Account | $11,000 |

INDICTMENT - 17

| Count | Date | Defendants | Description of Monetary Transaction | Amount Withdrawn |
|---|---|---|---|---|
| 33 | 01-28-13 | Mark S. Smith, Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $11,385 to the Smith 5023 Credit Card Account | $11,385 |
| 34 | 02-05-13 | Mark S. Smith, Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $11,835 to the Smith 5023 Credit Card Account | $11,835 |
| 35 | 07-02-13 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payments of $20,000 to the Smith 5023 Credit Card Account and $3,000 to the Smith 9296 Credit Card Account | $23,000 |
| 36 | 10-17-13 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 account for payments of $10,900 to the Smith 5023 Credit Card Account and $100 to the Smith 9296 Credit Card Account | $11,000 |

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNTS 37 – 55 - LAUNDERING OF MONETARY INSTRUMENTS

45. The Grand Jury incorporates by reference and re-alleges paragraphs 1 through 30 of Count 1, paragraphs 31 through 34 of Counts 2 to 27, paragraphs 35 through 36 of Count 28, paragraphs 37 through 41 of Count 29, and paragraphs 42 through 44 of Counts 30 to 36 of this Indictment as if fully set forth herein.

46. Defendants MARK S. SMITH and GLENN D. WONG used the Wong 8369 Account and the Smith-Wong 1317 Savings Account, both at First Hawaiian Bank, a federally insured financial institution, to conduct financial transactions.

47. On or about the dates listed below, in the District of Guam and elsewhere, the defendants, MARK S. SMITH and GLENN D. WONG as set forth below, aided and abetted by

INDICTMENT - 18

each other, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2, or Theft of Government Property in violation of 18 U.S.C. §641, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said unlawful activity and that, while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Defendants | Description of Financial Transaction | Amount Withdrawn |
|---|---|---|---|---|
| 37 | 03-26-12 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payments of $7,413.44 to the Smith 5023 Credit Card Account and $2,586.56 to the Smith 6251 Credit Card Account | $10,000 |
| 38 | 08-30-12 | Mark S. Smith, Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $9,800 to the Smith 6251 Credit Card Account | $9,800 |
| 39, 40, 41 | 12-28-12 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for deposit of $1,007.44 to the Smith-Wong1317 Savings Account; payments of $11,392.63 to the Smith 6251 Credit Card Account, $16,575.26 to the Smith 5023 Credit Card Account, $498.64 to the Smith 3409 Loan Account, and $526.03 to the Smith 7656 Loan Account | $10,000 $10,000 $10,000 |
| 42 | 03-19-13 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $10,000 to the Smith 5023 Credit Card Account | $10,000.00 |
| 43 | 03-19-13 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for check payable to cash for $6,000, endorsed by a person whose initials are JCB and given to Smith | $6,000.00 |

INDICTMENT - 19

| Count | Date | Defendants | Description of Financial Transaction | Amount Withdrawn |
|-------|------|------------|-------------------------------------|------------------|
| 44 | 04-11-13 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for check payable to cash for $9,500, endorsed by JCB and given to Smith | $9,500.00 |
| 45 | 04-15-13 | Mark S. Smith, Glenn D. Wong | Withdrawal of funds from the Smith-Wong 1317 Savings Account for deposit of $1062.50 to the Smith 9090 Checking Account | $1,062.50 |
| 46 | 05-23-13 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payments of $1,960.22 to the Smith 5023 Credit Card Account, $8,507.96 to the Smith 9296 Credit Card Account, $418.10 to the Smith 3409 Loan Account, and $115.92 to the Smith 7656 Loan Account | $10,000.00 |
| 47 | 08-02-13 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $10,000 to the Smith 3409 Loan Account | $10,000 |
| 48 | 09-11-13 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment in part of $7,400 to the Smith 9296 Credit Card Account | $7,400 |
| 49 | 11-06-13 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $9,000 to the Smith 9296 Credit Card Account | $9,000 |
| 50 | 12-06-13 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $9,000 to the Smith 5023 Credit Card Account | $9,000 |
| 51 | 01-03-14 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for deposit of $10,000 to the Smith 9090 Checking Account | $10,000 |
| 52 | 02-13-14 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $6,500 to the Smith 5023 Credit Card Account | $6,500 |

INDICTMENT - 20

| Count | Date | Defendants | Description of Financial Transaction | Amount Withdrawn |
|---|---|---|---|---|
| 53 | 03-27-14 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $4,125 to the Smith 3409 Loan Account, and deposit of $3,500 to the Smith 9090 Checking Account | $7,000 |
| 54 | 04-03-14 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for payment of $7,800 to the Smith 5023 Credit Card Account | $7,800 |
| 55 | 05-06-14 | Glenn D. Wong | Withdrawal of funds from the Wong 8369 Account for check payable to cash for $8,400 | $8,400 |

All in violation of 18 U.S.C. §§ 1956(a)(1)(b)(i) and 2.

## COUNT 56 - FALSE STATEMENT ON LOAN APPLICATION

On or about October 16, 2014, in the District of Guam, defendant GLENN D. WONG, knowingly made and caused to be made a false statement or report for the purpose of influencing the action of Bank of Guam, a financial institution the deposits of which were then insured by the Federal Deposit Insurance Corporation, in connection with an application for a $350,000 mortgage loan used to refinance the purported purchase of certain real properties located in Dededo and Tamuning, in that defendant GLENN D. WONG submitted a Uniform Residential Loan Application which overstated his assets and/or understated his purported debts, i.e., he falsely stated his assets at that time included a First Hawaiian Bank account that contained $689,853.77, when in truth and fact, as defendant well knew, he did not have $689,853.77 of his own money in such bank account, and/or he failed to report debts associated with the Perino Street Property in Agat that he purportedly owed to Smith, all in violation of 18 U.S.C. § 1014.

INDICTMENT - 21

# FORFEITURE ALLEGATIONS

## Forfeiture Allegation No. 1 – Wire Fraud, Conspiracy to Commit Wire Fraud, Theft of Government Property

1.  Upon conviction of one or more of the wire fraud offenses or conspiracy to violate the same, or theft of government property offense, alleged in Counts 1 – 28 of this Indictment, the defendants, MARK S. SMITH and GLENN D. WONG, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction. The property to be forfeited includes, but is not limited to, the following:

> MONEY JUDGMENT. A sum of money equal to the total value of proceeds obtained directly or indirectly from the commission of the offense of convictions, for which the defendants are jointly and severally liable.

## Forfeiture Allegation No. 2 – Monetary and Financial Transactions

2.  Upon conviction of one or more of the monetary and financial transaction offenses or conspiracy to violate the same, alleged in Counts 29 – 55 of this Indictment, the defendants, MARK S. SMITH and GLENN D. WONG, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction. The property to be forfeited includes, but is not limited to, the following:

> MONEY JUDGMENT. A sum of money equal to the total value of proceeds obtained directly or indirectly from the commission of the offense of convictions, for which the defendants are jointly and severally liable.

INDICTMENT - 22

**SUBSTITUTE ASSETS**

3. If any of the property described above in Forfeiture Allegations No. 1 and No. 2, as a result of any act or omission of the defendants, MARK S. SMITH and GLENN D. WONG,

    a. Cannot be located upon the exercise of due diligence

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States of America, pursuant to 18 U.S.C. §982(b) and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

**Forfeiture Allegation No. 3 – False Statement on Loan Application**

4. Upon conviction of the false statement on loan application offense alleged in Count 56 of this Indictment, the defendant, GLENN D. WONG, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property, real or personal, which constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction. The property to be forfeited includes, but is not limited to, the following:

    a. MONEY JUDGMENT. A sum of money equal to the total value of proceeds obtained directly or indirectly from the commission of the offense of conviction.

**SUBSTITUTE ASSETS**

If any of the above-described forfeitable property, as a result of any act or omission of defendant, GLENN D. WONG,

    a. Cannot be located upon the exercise of due diligence

    b. Has been transferred or sold to, or deposited with, a third party;

INDICTMENT - 23

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to 18 U.S.C. §982(b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

DATED this 14th day of March, 2017.

A TRUE BILL.

SHAWN N. ANDERSON
Acting United States Attorney
Districts of Guam and NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

INDICTMENT - 24