**IN THE DISTRICT COURT
FOR THE TERRITORY OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK S. SMITH,<br><br>Defendant. | CRIMINAL CASE No. 17-00020<br><br>**DECISION AND ORDER<br>DENYING DEFENDANT'S<br>MOTION TO DISMISS** |

Before this Court is Defendant Mark Smith's motion to dismiss based on an invalid designation. (Mot., ECF No. 358.) The matter was fully briefed and came on for a hearing on September 30, 2021 (Am. Min., ECF No. 373), during which time this Court DENIED the motion for the reasons set forth below. While framed as a motion to dismiss, Defendant's motion in substance seeks my disqualification[1] on the premise that Ninth Circuit Chief Judge Sidney Thomas' designation of a current judge of the District Court for the Northern Mariana Islands to sit as a judge for the District Court of Guam exceeded the statutory scope permitted under 48 U.S.C. § 1424b(a), such that any

---

[1] Defendant requests that this motion be heard and determined by "a federal judge vested with 'all the powers attached to' the position of an Article III judge providing an impartial and independent federal adjudication of this matter just as identical United States citizens receive in other United States territories outside of the 50 (fifty) states." (Mot. at 1–2.) The Court, however, agrees with the Government in that Defendant has failed to provide any authority or explanation as to why this matter needs to be referred to an Article III judge. (*See* Opp'n at 2, ECF No. 361.) As the District Court of Guam has "the jurisdiction of a district court of the United States," 48 U.S.C. § 1424(b), it can hear motions to dismiss as well as motions to disqualify. While 28 U.S.C. § 144 requires that another judge be assigned to hear a proceeding "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," Defendant makes no allegations of personal bias or prejudice in this matter. This motion could therefore be properly heard before me.

1

orders issued pursuant to my designation should be null and void. Specifically, the statutory language at issue provides that:

> The Chief Judge of the Ninth Judicial Circuit of the United States may assign a judge of a local court of record or a judge of the High Court of the Trust Territory of the Pacific Islands or a circuit *or district judge of the ninth circuit or a recalled senior judge of the District Court of Guam or of the District Court for the Northern Mariana Islands* . . . to serve temporarily as a judge in the District Court of Guam whenever it is made to appear that such an assignment is necessary for the proper dispatch of the business of the court.

48 U.S.C. § 1424b(a) (emphasis added). Defendant contends that a current judge of the District Court for the Northern Mariana Islands is neither a "district judge of the ninth circuit" nor a "recalled senior judge."

The question before this Court is therefore: "Did Congress grant the Chief Judge of the Ninth Circuit authority to designate a current judge from the District Court for the Northern Mariana Islands to hold court in the District Court of Guam?" In light of the statutory framework and legislative history under Title 48 of the United States Code, this Court answers in the affirmative.

## I. BACKGROUND

On March 14, 2017, a grand jury returned an Indictment against Defendants Mark S. Smith and Glenn D. Wong for: Count 1, Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1349 and 1343; Count 2 to 27, Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2; Count 28, Theft of Government Property, in violation of 18 U.S.C. § 641; Count 29, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (h) and 1957; Counts 30 to 36, Engaging in Monetary Transactions with Proceeds of Specified Unlawful Activity, in violation of 18 U.S.C. §§

1957 and 2; Counts 37 to 55, Laundering of Monetary Instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2; and Count 56, False Statement on Loan Application (against Wong only), in violation of 18 U.S.C. §§ 1014 and 2. (Indictment, ECF No. 1.)

Chief Judge Frances Tydingco-Gatewood of the District Court of Guam shortly thereafter recused herself pursuant to 28 U.S.C. § 455(a), requiring a judge to disqualify herself where impartiality might reasonably be questioned. (*See* Am. Order of Recusal, ECF No. 5.) I, the Chief Judge of the District Court for the Northern Mariana Islands, was subsequently designated to preside over this matter pursuant to Chief Judge Thomas' general designation order. (Notice of Designation, hereinafter "Designation Order," ECF No. 17.) Specifically, Chief Judge Thomas' General Designation Order, dated December 27, 2016, provides that:

> Pursuant to 48 U.S.C. § 1424b(a), I hereby designate Ramona Villagomez Manglona, United States Chief District Judge from the District of the Northern Mariana Islands, to sit in the District of Guam on an as-needed basis beginning January 1, 2017, and ending December 31, 2017, and for such additional time required in advance to prepare or thereafter to complete unfinished business.

(*Id*.) Jury trial was held beginning on September 12, 2017 (Min., ECF No. 148), but after five days of jury trial, this Court declared a mistrial out of manifest necessity (*see* Min., ECF No. 175; Order Declaring Mistrial, ECF No. 174). Jury trial is now set to begin on October 19, 2021. (Min., ECF No. 340; Third Amended Scheduling Order, ECF No. 356.) Defendant Glenn Wong has since passed away such that the Court dismissed the Indictment against him, and the sole remaining defendant is now Defendant Mark Smith. (Order Dismissing Wong, ECF No. 345.)

3

On September 1, 2021, Defendant filed this instant motion to dismiss pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 47, arguing that the case should be dismissed against him on the bases of the Fifth and Sixth Amendment rights of the United States Constitution, and on the basis of the invalid designation under 48 U.S.C. § 1424b(a) of the Chief Judge of the District Court for the Northern Mariana Islands to hold court and preside over this matter in the District Court of Guam. (Mot. at 1, ECF No. 358.) Defendant therefore argues that any orders issued by me in the District Court of Guam should be illegal, null, and void. (*Id.* at 7–8.) Defendant also subsequently filed its errata to make grammatical corrections. (ECF No. 359.) Given that the trial date is approaching, this Court set the matter for an expedited briefing. (*See* Order Setting Briefing, ECF No. 360.) The Government timely filed its opposition (Opp'n, ECF No. 361), and Defendant filed a reply (Reply, ECF No. 365). Having reviewed the parties' written submissions and the relevant law, and having heard oral arguments from both counsel at the hearing held on September 30, 2021 (Am. Min., ECF No. 373), the Court DENIED Defendant's motion for the following reasons.

## II. LEGAL STANDARD

"The Supreme Court has directed that the first step in interpreting a statute 'is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Texaco Inc. v. United States*, 528 F.3d 703, 707 (9th Cir. 2008) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson*, 519 U.S. at 340. Such inquiry ceases "if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Id.* (internal

4

quotations and citations omitted). In other words, "[i]f the plain language of a statute renders its meaning reasonably clear, the court will not investigate further unless its 'application leads to unreasonable or impracticable results.'" *United States v. Stephens*, 424 F.3d 876, 883 (9th Cir. 2005) (quoting *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999)); *see Arizona State Bd. for Charter Schools v. United States Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006) ("[C]ourts avoid natural readings that would lead to irrational results"). "When a statute does not define a term, we generally interpret that term by employing the ordinary, contemporary, and common meaning of the words that Congress used." *United States v. Iverson*, 162 F.3d 1015, 1022 (9th Cir. 1998). Furthermore, it is "a cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (internal quotations and citation omitted).

Where a statute is ambiguous, however, a court "may use canons of construction, legislative history, and the statute's overall purpose to illuminate Congress's intent." *United States v. Gallegos*, 613 F.3d 1211, 1214 (9th Cir. 2010) (quoting *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1133 (9th Cir. 2009)).

### III. DISCUSSION

Defendant's motion asks this Court to consider whether the phrase "district judge of the ninth circuit" as used in 48 U.S.C. § 1424b(a) includes a judge of the District Court for the Northern Mariana Islands. Guam's designation statute specifically provides that:

> The Chief Judge of the Ninth Judicial Circuit of the United States may assign a judge of a local court of record or a judge of the High Court of the Trust Territory of the Pacific Islands or a circuit *or district judge of the*

5

> *ninth circuit or a recalled senior judge of the District Court of Guam or of the District Court for the Northern Mariana Islands,* or the Chief Justice of the United States may assign any other United States circuit or district judge with the consent of the judge so assigned and of the chief judge of his circuit, to serve temporarily as a judge in the District Court of Guam whenever it is made to appear that such an assignment is necessary for the proper dispatch of the business of the court.

48 U.S.C. § 1424b(a) (emphasis added). The parties take contrary positions on the statute's plain language. Defendant is of the view that the "district judge of the ninth circuit" *does not* include a judge of the District Court for the Northern Mariana Islands. The Government views the statute to the contrary.

First, in arguing that the phrase "district judge of the ninth circuit" does not include a current judge of the District Court for the Northern Mariana Islands, Defendant relies heavily on the United States Supreme Court's holding in *Nguyen v. United States*, 539 U.S. 69 (2003). (*See* Mot. at 2-5.) In *Nguyen*, the Supreme Court interpreted the phrase "district judges" in 28 U.S.C. § 292(a) pertaining to the appointment of judges to sit on a Ninth Circuit panel to not include judges from the District Court for the Northern Mariana Islands. 539 U.S. at 76. The defendants in that case appealed their convictions to the Ninth Circuit. *Id*. at 73. Of the three-member panel that confirmed the defendants' convictions, one of the panel members was the then-Chief Judge of the District Court for the Northern Mariana Islands, "an Article IV territorial court with subject matter jurisdiction substantially similar to the jurisdiction of the District Court of Guam." *Id*. at 72–73. The statute at issue, 28 U.S.C. § 292(a), provided that "[t]he chief judge of a circuit may designate and assign one or more *district judges within the circuit* to sit upon the court of appeals or a division thereof whenever the business of that court so requires." (emphasis added). In interpreting the statute, the Supreme Court noted that a literal reading

of the words "district judges" in isolation of the rest of the statute "is so capacious that it would also justify the designation of 'district judges' of any number of *state* courts 'within' the Ninth Circuit." *Nguyen*, 539 U.S. at 75-76 (emphasis in original). The statute therefore could not be read in its literal sense to arguably justify assigning the Chief Judge of the District Court for the Northern Mariana Islands to sit on the Ninth Circuit. *Id*. at 75.

Instead, while noting that § 292(a) does not explicitly define the term "district judges," the Court looked to Title 28 as a whole to determine that Congress defined "district court" as used in Title 28 to mean "courts constituted by chapter 5 of this title." *Id*. at 74 (citing 28 U.S.C. § 451). Chapter 5 of Title 28 in turn authorized in each judicial district a "district court" to be known as the United States District Court for that district, with "district judge[s]" established as members of those courts and whom are to hold office "during good behavior." *Id*. at 74 (citing 28 U.S.C. §§ 132-134). The judicial districts were also "exhaustively enumerated" in Chapter 5. *Id*. (citing 28 U.S.C. § 133(a)). Given that the District Court for the Northern Mariana Islands is not one of the enumerated courts established by Chapter 5,[2] and the judges in that district are appointed for terms and may be removed for cause unlike judges holding office for good behavior under 28 U.S.C. § 134(a), the Court determined that "§ 292(a) cannot be read to permit the designation to the court of appeals of a judge of the District Court for the Northern Mariana Islands." *Nguyen*, 539 U.S. at 75.

---

[2] To be clear, *Nguyen* only states that the District Court for the Northern Mariana Islands is not mentioned within Chapter 5; it does not say that the District Court for the Northern Mariana Islands is not mentioned in Title 28 at all. 539 U.S. at 75. The Court is aware of other provisions in Title 28 outside of Chapter 5 that reference the District Court for the Northern Mariana Islands. *See, e.g.,* 28 U.S.C. § 333 (judicial conferences of circuits); § 373 (retirement for judges in territories and possessions); § 631 (appointment and tenure of magistrate judges); § 1404 (change of venue).

7

The Court in *Nguyen* also looked to the historical usage of the phrase as interpreted by prior cases. *Id*. at 76. Specifically, the Supreme Court referenced *Mookini v. United States*, 303 U.S. 201, 205 (1938), where in determining whether the Criminal Appeals Rules applied to the District Court of the then Territory of Hawaii it noted:

> The term "District Courts of the United States," as used in the rules, without an addition expressing a wider connotation, has its historic significance. It describes the constitutional courts created under article 3 of the Constitution. Courts of the Territories are legislative courts, properly speaking, and are not District Courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a "District Court of the United States."

(citations omitted). Likewise, in *Summers v. United States*, 231 U.S. 92, 101–102 (1913), the Supreme Court stated that the "courts of the Territories may have such jurisdiction of cases arising under the Constitution and laws of the United States as is vested in the circuit and district courts, but this does not make them circuit and district courts of the United States."

Thus, in *Nguyen*, the Supreme Court held that in "[c]onstruing the relevant statutory provisions together with further aid from historical usage, it is evident that Congress did not contemplate the judges of the District Court for the Northern Mariana Islands to be 'district judges' within the meaning of § 292(a)." 539 U.S. at 76. Moreover, the Supreme Court vacated the judgments of the panel, explaining that "even if the parties had expressly stipulated to the participation of a non-Article III judge in the consideration of their appeals, no matter how distinguished and well qualified the judge might be, such a stipulation would not have cured the plain defect in the composition of the panel."

8

*Id.* at 80–81. In light of *Nguyen,* Defendant argues that "district judge" of the ninth circuit cannot include a judge of the District Court for the Northern Mariana Islands.

Next, Defendant makes an *expressio unius est exclusion alterius* argument for why 48 U.S.C. § 1424b(a) cannot be construed to permit a current judge of the District Court for the Northern Mariana Islands to sit in designation for the District Court of Guam. Defendant argues that Congress explicitly provided an exclusive list for designation to include: (1) a judge of a local court of record, (2) a judge of the High Court of the Trust Territory of the Pacific Islands, (3) a circuit or district judge of the ninth circuit, (4) a recalled senior judge of the District Court of Guam, or (5) a recalled senior judge of the District Court for the Northern Mariana Islands—and that list fails to include a current judge of the District Court for the Northern Mariana Islands. (Mot. at 4.) Furthermore, the designation statute for the District Court for the Northern Mariana Islands explicitly permits "a judge of the District Court of Guam" to be appointed, while the designation provision in 48 U.S.C. § 1424b(a) does not provide the same for a judge of the District Court for the Northern Mariana Islands. *See* Mot. at 5–6; *compare* 48 U.S.C. § 1424b(a) ("The Chief Judge of the Ninth Judicial Circuit of the United States may assign . . . a circuit or district judge of the ninth circuit"), *with* 48 U.S.C. § 1821(b)(2) ("The Chief Judge of the Ninth Judicial Circuit of the United States may assign . . . a circuit or district judge of the ninth circuit, *including a judge of the District Court of Guam who is appointed by the President* . . . to serve temporarily as a judge in the District Court for the Northern Mariana Islands." (emphasis added)).[3]

---

[3] 48 U.S.C. § 1821(b)(2) in full provides:

> The Chief Judge of the Ninth Judicial Circuit of the United States may assign justices of the High Court of the Trust Territory of the Pacific Islands or judges of courts of record of the Northern

9

Defendant argues that if "district judge of the ninth circuit" was intended to include Article IV judges in Guam's designation statute, then the language in the NMI's designation statute that expressly includes a judge of the District Court of Guam as a district judge would be superfluous, in contravention to canons of statutory interpretation. (Reply at 12.)

The Government is of a different view. It insists that 48 U.S.C. § 1424b(a) plainly provides for the designation of a current judge of the District Court for the Northern Mariana Islands because it would be absurd for Congress to permit designation of a recalled senior judge of the District Court for the Northern Mariana Islands to temporarily serve in the District Court of Guam, but not an active judge of the same District. (*See* Opp'n at 4–5.)  Similarly, it would be odd for Congress to only permit an Article III judge to sit in designation where but for the recusal, an Article IV judge from the District Court of Guam would be presiding over the matter. (*Id*.)

Additionally, the Government argues that outside the text of 48 U.S.C. § 1424b(a) but within Title 48 itself, in the correlative designation provision for the Northern Mariana Islands, 48 U.S.C. § 1821, Congress expressly provided for designation to a "district judge of the ninth circuit, including a judge of the District Court of Guam . . ." (Opp'n at 5.) That Congress explicitly included an Article

---

Mariana Islands who are licensed attorneys in good standing or a circuit or district judge of the ninth circuit, including a judge of the District Court of Guam who is appointed by the President or a recalled senior judge of the District Court of Guam or of the District Court of the Northern Mariana Islands, or the Chief Justice of the United States may assign any other United States circuit or district judge with the consent of the judge so assigned and of the chief judge of his circuit to serve temporarily as a judge in the District Court for the Northern Mariana Islands whenever such an assignment is necessary for the proper dispatch of the business of the court. Such judges shall have all the powers of a judge of the District Court for the Northern Mariana Islands, including the power to appoint any person to a statutory position, or to designate a depository of funds or a newspaper for publication of legal notices.

10

IV judge from the District Court of Guam as a "district judge" makes it clear that it should be read in the same way for the provision in § 1424b that is within the same title; otherwise, it would be absurd to permit active judges from the District Court of Guam to serve temporarily on the District Court of the Northern Mariana Islands, but not the other way around. (*See* Opp'n at 5–6.)

Finally, the Government argues that Defendant's reliance on *Nguyen* is "a bad fit for § 1424b," as the *Nguyen* Court is interpreting a provision from Title 28 that governs Article III courts—not Title 48 that explicitly governs territorial courts. (Opp'n at 6–7.) Moreover, while the Court in *Nguyen* found that a literal definition of "district judges" to include district judges of state courts to be so "capacious," the provision in § 1424b explicitly provides for judges from a local court of record such that Congress intended for a broader definition of permitted judges under § 1424b. (Opp'n at 8.)

Having reviewed the relevant cases and the parties' arguments, this Court wholeheartedly agrees with the Government's contentions and finds that 48 U.S.C. § 1424b(a) plainly provides for a "district judge of the ninth circuit" to include a current judge of the District Court for the Northern Mariana Islands. While 48 U.S.C. § 1424b(a) does not itself define "district judge of the ninth circuit," in looking outside of § 1424b(a) and in the context of Title 48 as a whole, the Court finds support for inclusion of a current judge of the District Court for the Northern Mariana Islands as a "district judge of the ninth circuit." *See Robinson*, 519 U.S. at 340 (noting that the plainness of a statute is determined by reference to the language itself and the broader context of the statute as a whole). Title 48, as opposed to Title 28 and its narrow definition of a "district court," references the District Court for the Northern Mariana Islands as a "district court" while referring to the local courts in the Northern

11

Mariana Islands as "court[s] of the Northern Mariana Islands."[4] *See, e.g.*, 48 U.S.C. §§ 1822(b), 1823, 1824. Title 48's framework also makes clear that the District Court for the Northern Mariana Islands falls within the Ninth Circuit. *See, e.g.,* 48 U.S.C. § 1821 ("The Northern Mariana Islands shall constitute a part of the same judicial circuit of the United States as Guam."); 48 U.S.C. § 1424-3(c) ("The United States Court of Appeals for the Ninth Circuit shall have jurisdiction of appeals from all final decisions of the appellate division of the district court [of Guam]"; 48 U.S.C. § 1823(c) ("The United States Court of Appeals for the Ninth Circuit shall have jurisdiction of appeals from all final decisions of the appellate division of the district court [of the Northern Mariana Islands]"). A judge of a "district court"—here, the District Court for the Northern Mariana Islands—in the ninth circuit is plainly a "district judge of the ninth circuit" in the context of Title 48. As highlighted by the Government, the Court sees no reason to apply a narrow definition from Title 28 limiting "district judges" to Article III judges only for United States courts, when it is most relevant to include Article IV district judges under Title 48 governing territorial courts.

Moreover, in the correlative District Court for the Northern Mariana Islands designation provision contained within the same title, Congress expressly provided a "district judge of the ninth circuit" to "includ[e] a judge of the District Court of Guam appointed by the President." 48 U.S.C. § 1821(b)(2). "Include" is defined as "to contain as part of something." *Include,* Black's Law Dictionary

---

[4] This Court finds no basis for Defendant's argument that Congress intended to create a "court of record" as opposed to a "district court" for the Northern Mariana Islands. (*See* Reply at 3.) While 48 U.S.C. § 1821(a) "establishe[s] for and within the Northern Mariana Islands a court of record to be known as the District Court for the Northern Mariana Islands," 28 U.S.C. § 132(a) likewise establishes "a court of record known as the United States District Court" within each judicial district.

12

(11th ed. 2019). Congress thus clearly and unambiguously intended that an Article IV judge be contained within the definition of a "district judge" in Title 48, such that the current judge of the District Court for the Northern Mariana Islands falling under the definition of a "district judge of the ninth circuit" would be consistent with the rest of the statutory framework.[5] An application of *Nguyen*'s holding in this context, on the other hand, would result in incoherence and inconsistency as its narrow definition of a "district judge" to include only Article III judges directly contradicts Congress' inclusion and definition as provided for in 48 U.S.C. § 1821(b)(2), the Northern Mariana Islands' designation statute. Yet Defendant would like the Court to construe "district judge of the ninth circuit" and "judge of the District Court of Guam" in a manner that is mutually exclusive, such that Congress' use of the word "including" was intended to grant an additional authorization for a judge of the District Court of Guam to be designated. *Cf. Arizona State Bd.*, 464 F.3d at 1008 ("It is true that some courts have interpreted 'including' to mean 'and' or 'in addition to,' where the exclusivity of two or more terms requires a broader interpretation to avoid an irrational or absurd result."). However, a judge of the District Court of Guam is not literally or sensibly excluded from the category of a district judge of the ninth circuit requiring such a broad definition of the word "include."

Furthermore, in light of Congress' definition, the Court finds any distinctions Defendant depicts between Article III judges and Article IV territorial judges regarding office terms irrelevant

---

[5] Congress' clear intent to include an Article IV judge within the definition of a district judge also refutes Defendant's argument that the reference to "a circuit or district judge of the Third Judicial Circuit" in the designation statute for the District Court of the Virgins Islands, 48 U.S.C. § 1614(a), could not be intended to include an Article IV judge. Even if no other Article IV court existed within the Third Judicial Circuit so that no other Article IV judge would technically fit § 1614's definition, such result does not automatically preclude an Article IV judge within the Ninth Circuit from fitting the definition of a "district judge within the ninth circuit." (*See* Reply at 13.)

13

for purposes of this statute. (*See* Reply at 3–4). To be clear, the Government does not assert, nor does this Court hold, that a territorial court or judge is the same as an Article III district court or judge. The Court recognizes its limited grant of authority and jurisdiction by Congress. *See* 48 U.S.C. §§ 1821, *et. seq*. However, for purposes of the statute at issue, 48 U.S.C. § 1424b(a) plainly provides for the "district judge of the ninth circuit" to include a current judge of the District Court for the Northern Mariana Islands.

Alternatively, even if the phrase "district judge of the ninth circuit" is ambiguous, any ambiguities are resolved by the legislative history of statute. True, when the Organic Act first established the District Court of Guam in 1950 and when Congress amended the Organic Act to permit the Chief Judge of the Ninth Judicial Circuit to "assign a judge of the Island Court of Guam or a judge of the High Court of the Trust Territory of the Pacific Islands or a circuit or district judge of the ninth circuit . . . to serve temporarily as a judge in the District Court of Guam," *see* Act of June 4, 1958, Pub. L. 85-444, §§ 1, 2, 72 Stat. 178, 179, Congress could not contemplate that "district judge of the ninth circuit" would include a current judge of the District Court for the Northern Mariana Islands. The Commonwealth for the Northern Mariana Islands was not yet a United States territory and the district court had not yet been established.

However, when Public Law 95-157, signed into law in 1977, established the District Court for the Northern Mariana Islands in implementing article IV of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Congress explicitly provided that the: "The Chief Judge of the Ninth Judicial Circuit of the United States may assign justices of the High Court of the Trust Territory of the Pacific Islands or judges of

14

courts of record of the Northern Mariana Islands who are licensed attorneys in good standing or a circuit or district judge of the ninth circuit, *including a judge of the District Court of Guam who is appointed by the President . . .*" Act of Nov. 8, 1977, Pub. L. 95-157, § 1, 91 Stat. 1265 (emphasis added). That latter clause was originally not part of the bill that was introduced to the Senate. S. 2149, 95th Cong., 1st Sess. (Sept. 27, 1977). However, after the bill was referred to the Committee on the Judiciary, the Committee proposed amending the bill to add the latter clause for the purpose that:

> Since the District Court of Guam is not a "district court" as technically defined in 28 U.S.C. 451, it is necessary to specifically include a judge of the District Court of Guam as one of the judges which may be assigned by the chief judge of the ninth circuit to serve temporarily as a judge of the District Court of the Northern Mariana Islands.

S. Rep. No. 95-475, 95th Cong., 1st Sess. (Oct. 6, 1977). The clause was later included in the final bill that was approved and enacted as law. *See* Pub. L. 95-157. This legislative history makes clear that the inclusion of that latter clause was to clear any ambiguities regarding whether a judge of the District Court of Guam fell within the definition of a district judge of the ninth circuit for purposes of the statute, given that the District Court of Guam did not technically fall under the "district court" definition as used under Title 28. By adding this latter provision, Congress clearly intended that a "district judge" for purposes of Title 48's designation statutes included an Article IV judge.

Having cleared such ambiguity, Congress likely saw no need to again define that term when it amended both 48 U.S.C. §§ 1424b and 1821 seven years later to include "or a recalled senior judge of the District Court of Guam or of the District Court for the Northern Mariana Islands." Act of Oct. 5, 1984, Pub. L. 98-454, Titles VIII, § 802 and IX, § 901, 98 Stat. 1743-44. Where Congress already made clear that a "district judge of the ninth circuit" included an Article IV judge, including the phrase

15

"a judge of the District Court for the Northern Mariana Islands who is appointed by the President" would have been superfluous. *See Duncan*, 533 U.S. at 174 (providing that a statute is to be construed so that "no clause, sentence, or word shall be superfluous, void, or insignificant.") It is no accident that in the very same act that Congress added provisions for recalled senior judges of the territories to be permitted to sit in designation, Congress referred to the judges of the Virgin Islands, Guam, and the Northern Mariana Islands as "district court judges" in extending their terms from eight to ten years. *See* Pub. L. 98-454, Title X, § 1004. That Congress added the "recalled senior judge" provisions to the designation statutes for the District Court of Guam, District Court for the Northern Mariana Islands, and District Court of the Virgin Islands (*see* Titles VII, § 706(a); Title X § 1002(b)) cannot be read to express Congress' intent to exclude an active judge of the District Court for the Northern Mariana Islands to sit in designation in the District Court of Guam. As made clear by the legislative history, the purpose of allowing senior judges within the circuit to be recalled to duty by the Chief Judge of the respective Judicial Circuit was to "obviate the need for assigning a judge from a distant district to a territorial court in the event of the temporary absence of the regular district judge or in order to designate an appellate division." 130 Cong. Rec. 9577 (1984) (statement of Antonio Borja Won Pat). Having an active judge from the District Court of the Northern Mariana Islands sit in designation in the District Court of Guam when temporary service is required fulfills that same purpose, especially when the two territories are in close proximity to each other. Defendant's *expressio*

*unius est exclusion alterius* argument is misplaced and cannot be read in isolation without considering the history of both statutes.[6]

Furthermore, any argument that Congress did not contemplate that a current judge of the District Court for the Northern Mariana Islands already fell within the definition of 48 U.S.C. § 1424b when amending the statute in 1984 would lead to absurd results, as the Government contends. That Congress would contemplate a recalled senior judge from the District of the Northern Mariana Islands to sit in the District Court of Guam but not an active judge from the same court is preposterous, especially when at the time of the amendment, there was no recalled senior judge but only an active judge from the District Court of the Northern Mariana Islands, as Defendant conceded on the record. By the same token, that Congress would permit an active judge from the District Court of Guam to sit in designation in the District Court for the Northern Mariana Islands but not the other way around would be unreasonable given both district's similar statutes. Defendant in fact even highlights that "[b]oth the District Court of Guam and the District Court for the Commonwealth of the Northern Mariana Islands have [identical] congressional acts authorizing their respective court's jurisdiction." (Reply at 15.) Nothing in the statutory framework suggests that Congress intended to give one court more authority over the other.

---

[6] Defendant also relies on *Corn v. Guam Coal Company*, 318 F.2d 622, 672 (9th Cir. 1963) in arguing that the Ninth Circuit previously made very clear that a district court judge from the Territory of Hawaii did not qualify within the definition of "district court" in Title 48 U.S.C. § 1424b(a) because such judge was not specifically listed. (Reply at 9.) The Court finds Defendant's reliance on this case unpersuasive and unsupported because the issue in *Corn* has nothing to do with an interpretation of "district judge" or the designation provision. The issue was whether the Ninth Circuit had jurisdiction to review District Court of Guam appellate division decisions. The Ninth Circuit also never held that a judge from the Territory of Hawaii did not fit the definition of a "district judge" within the statute.

17

Finally, even if a district judge of the District Court for the Northern Mariana Islands were to lack authority to preside over this case, Defendant provides no basis for how an improper designation strips the District Court of Guam, as opposed to a specific judge, of jurisdiction over Defendant's case. *See* 48 U.S.C. § 1424(b) (providing that the District Court has "the jurisdiction of a district court of the United States"). While Federal Rule of Criminal Procedure 12(b)(2) permits a Defendant to move to dismiss on the basis that a court lacks jurisdiction at any time while the case is pending, Defendant has utterly failed to articulate how the District Court of Guam lacks jurisdiction of this matter. Defendant also bases his motion on the Fifth and Sixth Amendments but fails to articulate any arguments related to Fifth and Sixth Amendments in this motion. (*See* Mot. at 1.) Defendant's motion based on these constitutional arguments is therefore denied.

### IV. CONCLUSION

Defendant's unprecedented challenge to Chief Judge Sidney Thomas' designation not only challenges a decade of orders and judgments issued under my designation, but also decades of orders under my predecessors. Nonetheless, in the light of the statutory framework of Title 48 as a whole and its legislative history, this Court concludes that Congress granted the Chief Judge of the Ninth Circuit authority to designate a judge from the District Court for the Northern Mariana Islands to hold court in the District Court of Guam. Furthermore, given Defendant's failure to provide any basis for why the District Court of Guam lacks jurisdiction over the matter or how Defendant's constitutional rights are violated, Defendant's entire motion to dismiss is DENIED.

IT IS SO ORDERED this 2nd day of October, 2021.

_____
RAMONA V. MANGLONA
Designated Judge