# IN THE DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK S. SMITH,<br><br>Defendant. | CRIMINAL CASE NO. 17-00020<br><br>**AMENDED<br>DECISION AND ORDER:**<br>**(1) DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION, AND**<br>**(2) CLARIFYING COURT'S RULING ON JUDICIAL NOTICE** |

Before the Court is the United States' motion to reconsider the Court's ruling (*see* ECF Nos. 141, 149) taking judicial notice in 2017 of Magistrate Judge Joaquin V.E. Manibusan, Jr.'s ruling on the release of former defendant Glenn Wong's passport and authorization for Wong to travel for employment purposes. (Mot., ECF No. 446 (*citing* ECF No. 91.)) Defendant Mark Smith filed an opposition (Opp'n, ECF No. 449), and the United States filed a reply (Reply, ECF No. 455). The matter came on for a hearing on November 2, 2021, during which time the Court took the matter under advisement. (Min., ECF No. 461.) Having reviewed the record and considered the briefs, counsels' oral arguments, and relevant case law, the Court DENIED the Government's motion on November 3, 2021 but clarified the scope of its prior ruling on judicial notice. (Min., ECF No. 462.) The Court now issues this **amended**[1] decision setting forth its reasons.

---

[1] **The Court makes the following bolded amendments to this decision in light of the Government's recently filed erratum (ECF No. 479) correcting the date of the previously unrecorded mortgage that was later recorded with**

1

## I. BACKGROUND

On May 3, 2017, former defendant Glenn Wong moved the Court for release of Wong's passport and to allow Wong to leave Guam for his employment as a United Airlines attendant upon the posting of adequate security to assure his compliance with the Court's conditions of release. (Mot. for Release, ECF No. 42.) Wong sought to post security in the form of a quit claim deed to the Clerk of Court, District Court of Guam of a specific property: Lot No. 206-3, Agat, Guam. (*Id*. at 2.) Magistrate Judge Manibusan's heard the motion on May 15, 2017 and granted Wong's motion upon satisfaction of certain conditions. (Min., ECF No. 57.)

During the hearing on the motion, Wong presented to Judge Manibusan an "Ownership and Encumbrance" report dated May 2, 2017 by Pacific American Title Insurance & Escrow Company showing Lot No. 206-3, Agat, Guam as being owned by Glenn D. Wong as his sole and separate property and without any mortgage encumbrances. (*See* Ex. B, Ownership and Encumbrance Report, ECF No. 137-1.) The report also showed an appraisal of the land value at $74,068 and the buildings and improvements at $365,742. (*Id*.) In response, the Government raised issues regarding Wong's representations of his assets and liabilities and sought to inquire from Wong as to whether there were any unrecorded mortgages attached to this piece of property. (Tr. of Mot. Hearing ("Tr.") at 17:15-17:18, ECF No. 91.) Judge Manibusan refused to pursue that inquiry, however, to avoid putting Wong in a position to incriminate himself. (*Id*. at 18:3-18:6.) Judge Manibusan also found it irrelevant to

**the Department of Land Management. Accordingly, "2012" has been amended to "2015" in this decision, and reference to Government Exhibit "203" has been amended to "230."**

inquire into that issue, given that for purposes of determining whether there was sufficient collateral, "[t]o the extent that there may be mortgages on this property that are not recorded, well, it's really too bad if Mr. Wong deeds the property to the Court to secure his release and the release of the passport, because that has priority over any other mortgage that's unrecorded, or any other interest that's not recorded." (*Id*. at 14:3-14:11.) Based on "defendant's representations to the Court that he owns this property free and clear, based on the title report, and that the only encumbrances of record as the tax returns that are shown therein," the Court was "satisfied that the property that is being placed as bond is in his name." (*Id*. at 20:2-20:6, 20:19-20:22). The Court therefore granted Wong's motion for release of passport and authorization to work, on the basis that two conditions be met: that he submit a quitclaim deed of the property to the Court and that he record a notice of *lis pendens* at the Department of Land Management. (*Id*. at 22:6-22:15.)

On May 19, 2017, Judge Manibusan issued a written order granting Wong's motion to release passport and for authorization to travel for employment upon Wong's satisfaction of two conditions: executing a Quitclaim Deed for Lot 206-3, Agat, Guam to the Clerk of Court, District Court of Guam and upon recordation of a Lis Pendens at the Department of Land Management, Government of Guam respecting Wong's conveyance of the Property to the Clerk of Court. (Order Granting Mot. for Release, ECF No. 67.)

Defendants Smith and Wong then moved the Court on September 5, 2017 to "take judicial notice of the District Court of Guam's finding and Order, by and through Magistrate Judge Manibusan, that Mr. Wong owns Lot No. 206-3 Agat ('Lot') based upon the Ownership and Encumbrance Report dated May 2, 2017 appended to Mr. Wong's Motion To Release Passport And For Authorization To

3

Travel For Employment." (Mot. for Judicial Notice at 1, ECF No. 137.) Phrased in another way, Defendants requested "that judicial notice be taken of the Court's Order granting Mr. Wong permission to travel for employment by the posting, as security, the Lot which the court found, by virtue of the Ownership and Encumberance Report, that Mr. Wong owns the Lot." (*Id*. at 2.) Attached to the motion were Judge Manibusan's May 19, 2017 Order granting Wong's motion for release of passport (Ex. A, ECF No. 137-1), as well as the motion itself for the release of the passport and the Ownership and Encumbrance Report (Ex. B, ECF No. 137-2) that Judge Manibusan relied upon.

The motion for judicial notice was heard on September 7, 2017 wherein Defendants urged the Court to take judicial notice of what Judge Manibusan found and said. (*See* Tr. of Judicial Notice Mot at 39:2-39:3, 43:18-43:19, ECF No. 149.) The government raised objections to the motion. After hearing arguments from the parties, the Court granted the motion, and noted that "the Court will allow for the judicial notice of this conclusion but that Rule 201F will also be applied." (*Id*. at 45:22-45:24; Min., ECF No. 141.)

Four years later, on October 28, 2021, the Government filed the instant motion to reconsider the Court's taking of judicial notice, challenging any judicial notice of fact that Glenn Wong owned Lot No. 206-3 Agat, Guam in 2017.

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure do not expressly provide for motions for reconsideration, but "'numerous circuit courts have held that motions for reconsideration may be filed in criminal cases.'" *United States v. Krug*, Case No. 09-cr-01148, 2013 WL 12216365, at *2 (C.D. Cal. Feb. 4, 2013) (quoting *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005)).

4

"'[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings,'" which are the standards under Federal Rules of Civil Procedure 59(e) and 60(b). *United States v. Feathers*, Case No. 14-cr-00531, 2017 WL 783947, at *2 (N.D. Cal. Mar. 1, 2017) (quoting *United States v. Mendez*, Case No. 07-cr-00011, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008)).

Federal Rule of Civil Procedure 60(b) provides for relief from a judgment or order for specified reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

Pursuant to Federal Rules of Evidence 201(b)(2), the Court "may judicially notice a fact that is not subject to reasonable dispute because it: . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Where a party requests judicial notice and the Court is supplied with the necessary information, the Court "must" take judicial notice. Fed. R. Evid. 201(c)(2).

In criminal matters, "a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). A court may generally take judicial notice of court filings and other matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). However, a court may *not* take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b)(2). Thus, while the Court may take judicial notice of documents in the public record, notice is limited to the existence of the documents itself and the existence of a decision but not for the truth of the matters asserted therein.

*See Lee*, 250 F.3d at 690 ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." (internal quotation and citation omitted)); *see also Lucero v. Wong*, No. C 10–1339 SI (pr), 2011 WL 5834963, at *5 (N.D. Cal. Nov. 21, 2011) ("To the extent petitioner wants the existence of published or unpublished cases judicially noticed as adjudicative facts, doing so is of very limited value because the court can take notice that such decisions exist, but the court does not take judicial notice that those decisions are correct.").

When the Court takes judicial notice of a fact, in instructing the jury, "the court must instruct the jury that it may or may not accept the noticed fact as conclusive." Fed. R. Evid. 201(f).

### III. DISCUSSION

The Government seeks reconsideration of the Court's ruling on judicial notice based on new evidence regarding a **2015** mortgage from Wong on the Agat Property for the benefit of Smith, as contained in both parties' exhibits (Def. Ex. FFFF-39; Gov. Ex. **230**), and which was recently filed with the Department of Land Management on June 4, 2021. However, given that case law is clear that a court can take judicial notice of court filings and public record documents, *see Reyn's Pasta Bella, LLC,* 442 F.3d at 746 n.6, the Court finds that this new evidence does not justify changing the Court's ruling of taking judicial notice. That Judge Manibusan on May 19, 2017 issued an order granting Defendant Glenn Wong's motion to release passport is not subject to reasonable dispute and is therefore properly subject to judicial notice.

Nonetheless, given that there appears to be some misunderstandings regarding the scope of Court's ruling on judicial notice—namely, that the parties believe that the Court took judicial notice

6

of fact that Wong owned the Agat property—the Court therefore takes this opportunity to clarify its ruling. Specifically, the clarification is that when the Court granted Defendant's request for judicial notice back in 2017, the Court was taking judicial notice of the fact that: *on May 19, 2017, Judge Manibusan issued an order granting Defendant Glenn Wong's motion to release passport and for authorization to travel for employment upon Wong's satisfaction of two conditions: executing a Quitclaim Deed to Lot 206-3, Agat, Guam to the Clerk of Court, District Court of Guam and upon recordation of a Lis Pendens at the Department of Land Management, Government of Guam respecting Wong's conveyance of the Property to the Clerk of Court.* As the order is a matter of public record, the fact that such order exists cannot be reasonably disputed. This is the narrow scope of the Court's judicial notice.

Yet Defendant would like the Court to construe this judicial notice as the Court taking judicial notice of fact that Glenn D. Wong owned Lot 206-3 in Agat, Guam in 2017. Defendant seeks an instruction to the jury of such fact and persistently argues that Judge Manibusan's finding demonstrates as a matter of *law* that Wong owned Lot 206-3 in Agat, Guam. The Court, however, is <u>not</u> taking judicial notice of such fact. Whether Wong owned the Agat property and without restrictions, i.e. free and clear, is reasonably disputed in this case, and the Government indeed disputed such a conclusion before Judge Manibusan. *See Lee*, 250 F.3d at 689-90 (finding that the district court had authority under Rule 201 to take judicial notice of the fact of the hearing and the fact that a waiver document was signed but that the court erred in taking judicial notice of disputed facts stated in the record—such as the validity of the waiver). In *Lee*, which Defendant cites to in the underlying motion for judicial notice (ECF No. 137), the Ninth Circuit made clear that while a court may take judicial

7

notice of the existence of an opinion, "it may do so not for the truth of the facts recited therein." *See id*. at 690.

The Court never reached the issue of whether Wong in fact owned the Agat property without any encumbrances because the proceeding before Judge Manibusan was not a quiet title action; rather, the issue was about the value of the property and whether it was sufficient for a bond to secure Wong's release. Specifically, Judge Manibusan stated, "The question whether this property's owned by Mr. Wong or whether there may be unrecorded mortgages therein do not really reflect the value that this Court would receive if he absconds from this jurisdiction and fails to appear when he is required to appear in court." (Tr. at 20:14-20:18.) The statutes and case law regarding real property conveyances that Defendant relies upon in its opposition brief is therefore irrelevant. Defendant's repeated arguments that Wong's ownership of the Agat property is undisputed as a matter of *law* also fails. Judicial notice is for a fact, not law.

To be clear, the Court is also <u>not</u> taking judicial notice of fact that Wong owned Lot 206-3 in Agat, Guam during the relevant period of conduct as alleged in the Indictment, as that fact is reasonably disputed and an issue to be proved at trial. The issue of whether Wong owned the Agat property during the relevant conduct period was never an issue before Judge Manibusan; he was only determining an issue regarding adequate security in 2017. Such a finding of law would be far from what this Court may take judicial notice of.

IV. CONCLUSION

Accordingly, the Court DENIES the Government's motion for reconsideration, but issues this decision clarifying the scope of the judicial notice previously granted. If Defendant establishes the

8

foundation for such a jury instruction to be received regarding Judge Manibusan's May 2017 order, the jury will be instructed as follows:

> *I have decided to accept as proved the fact that on May 19, 2017, Magistrate Judge Joaquin V.E. Manibusan, Jr. issued an order granting Defendant Glenn Wong's motion to release passport and for authorization to travel for employment upon Wong's satisfaction of two conditions: executing a Quitclaim Deed to Lot 206-3, in Agat, Guam to the Clerk of Court, District Court of Guam, and upon recording of a Lis Pendens at the Department of Land Management, Government of Guam respecting Wong's conveyance of the Property to the Clerk of Court, even though no evidence was presented on this point, because this fact is not subject to reasonable dispute. You may accept this fact as true, but you are not required to do so.*

IT IS SO ORDERED this 10th day of November, 2021.

/s/ Ramona V. Manglona
RAMONA V. MANGLONA
Designated Judge