# IN THE DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK S. SMITH,<br><br>Defendant. | CRIMINAL CASE NO. 17-00020<br><br>**MEMORANDUM DECISION DENYING MOTION TO DISMISS BASED ON A CHANGE IN CASELAW ON AN ELEMENT FOR WIRE FRAUD** |

After a jury trial commenced on October 28, 2021 with jury voir dire, Defendant Mark Smith moved to dismiss the Indictment in this matter, or in the alternative, for disclosure of limited grand jury proceedings and definitions relating to wire fraud. (Min., ECF No. 447; Mot., ECF No. 469.) The basis for Defendant's motion is the Ninth Circuit's decision issued in the spring of last year in *United States v. Miller,* 953 F.3d 1095, 1103 (9th Cir. 2020), which overruled prior Ninth Circuit decisions interpreting the wire fraud statute's "intent to defraud" language as requiring proof of intent to "deceive *or* cheat." The law in the Circuit now requires proof of intent to "deceive *and* cheat." Based on this change in the Ninth Circuit caselaw, Defendant seeks dismissal of the Indictment without prejudice, alleging that the grand jury was improperly instructed in 2017 on an element of wire fraud by likely being instructed that it only needed to find that Defendant had either an intent to deceive *or* intent to cheat. Given that Defendant was indicted on 26 counts of wire fraud and the Court was on the cusp of impaneling a jury, the Court ordered the parties to brief the matter on an expedited basis. The Government promptly filed its opposition (Opp'n, ECF No. 473), and the Defendant his reply

1

(Reply, ECF No. 474). The Court heard the matter on November 9, 2021, during which time it DENIED Defendant's motion for the reasons stated on the record. (Min., ECF No. 476.) The Court now issues this memorandum decision detailing its reasonings.

## I.    BACKGROUND

On March 14, 2017, a grand jury returned a 56-count Indictment against Defendants Mark S. Smith and Glenn D. Wong on allegations stemming from Mark Smith's prior employment as legal counsel for the Guam Housing and Urban Renewal Authority ("GHURA"). (Indictment, ECF No. 1.) Defendant Glenn Wong has since passed away such that the Court dismissed the Indictment against him, and the sole remaining defendant is now Defendant Smith. (Order Dismissing Wong, ECF No. 345.) The remaining charges are 34 counts for: one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1349 and 1343; twenty six counts of Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2; one count of Theft of Government Property, in violation of 18 U.S.C. § 641; one count of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (h) and 1957; three counts of Engaging in Monetary Transactions with Proceeds of Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957 and 2; and two counts of Laundering of Monetary Instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. (Indictment, ECF No. 1.)

On a Sunday night, November 7, 2021—nearly a year and a half after the Ninth Circuit's *Miller* decision and on the evening before the Court was to resume jury selection after having continued it multiple times—Defendant Smith filed this instant motion. (Mot., ECF No. 469.) The Court briefly addressed the matter at a status conference on the morning of November 8, 2021 and ordered the parties to quickly brief the matter given the procedural posture of the case. (Min., ECF No. 470.) The

2

Court also set the motion for a hearing on the following day. In order to have a complete and thorough analysis of Defendant's motion to dismiss prior to the motion hearing, the Court *sua sponte* granted Defendant's alternative request for the limited disclosure of the grand jury transcripts pertaining to the instructions for wire fraud. (ECF No. 471.) The Government then quickly filed its motion for relief from the Court's order requiring immediate disclosure of the grand jury transcripts (ECF No. 472) and filed its response to the substance of Defendant's motion (Opp'n, ECF No. 473). Defendant subsequently filed his reply. (Reply, ECF No. 474.) Upon further review of the briefs and the relevant caselaw, and having entertained the parties' oral arguments on November 9, 2021, the Court DENIED Defendant's motion in its entirety and granted the Government's motion for relief.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b) requires that objections regarding a defect in instituting the prosecution, including an error in grand-jury proceedings, be made before trial. *See* Fed. R. Crim. P. 12(b)(3)(A)(v). Rule 52(a) also provides, however, that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." *See* Fed. R. Crim. P. 52(a).

The Supreme Court has held that "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988); *see United States v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982) ("Erroneous grand jury instructions do not automatically invalidate an otherwise proper grand jury indictment."). Furthermore, it adopted a standard of prejudice that courts should apply in assessing claims to dismiss an indictment prior to the conclusion of trial. *See Bank of Nova Scotia*, 487 U.S. at 256. "Where dismissal is sought for a nonconstitutional error . . . dismissal of the

3

indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Id.* (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986)); *see also United States v. Collins*, 684 F.3d 873, 885 (9th Cir. 2012) (noting same). The movant "must show the conduct of the prosecutor was so 'flagrant' it deceived the grand jury in a significant way infringing on their ability to exercise independent judgment." *United States. v. Larrazolo*, 869 F.2d 1354, 1359 (9th Cir. 1989), *overruled on other grounds by Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799–800 (1989) (citing *Wright*, 667 F.2d at 796). In other words, the grand jury's independence must have been "so undermined that it could not make an informed and unbiased determination of probable cause." *Id*. "Because it is a drastic step, dismissing an indictment is a disfavored remedy." *United States v. Rogers*, 751 F.2d 1074, 1076 (9th Cir. 1985).

### III. DISCUSSION

Defendant seeks the Court's dismissal of the Indictment without prejudice, arguing that the Government erred in its wire fraud instruction to the grand jury by likely instructing the grand jury that it only needed to find probable cause that Defendant had the intent to "deceive *or* cheat," which is in the disjunctive, rather than needing to find that Defendant had both the intent to "deceive *and* cheat," in the conjunctive. (Mot. at 3-6.) Notably, in 2017 when the grand jury returned an Indictment for this matter, the Ninth Circuit's model criminal jury instruction for the third element of wire fraud was "[t]hird, the defendant acted with the intent to defraud, that is, the intent to deceive *or* cheat" in the disjunctive. *Manual of Modern Criminal Jury Instructions for the District Courts of the Ninth Circuit* § 8.124 (emphasis added).

4

In *United States v. Miller,* 953 F.3d at 1102, however, the Ninth Circuit Court of Appeals found such instruction "no longer tenable in light of the Supreme Court's intervening ruling" in *Shaw v. United States*, 137 S.Ct. 462 (2016). In discussing the bank fraud statute, the Supreme Court in *Shaw* determined that the instruction to the jurors that "scheme to defraud" meant the intent "to deceive, cheat, or deprive a financial institution of something of value" was erroneous. *Shaw*, 137 S.Ct. at 469. The Court there determined that "the scheme must be one to deceive the bank *and* deprive it of something of value." *Id*. (emphasis in original). Thus, the Ninth Circuit in light of *Shaw* overruled its prior cases on this instruction and held that "wire fraud requires the intent to deceive *and* cheat—in other words, to deprive the victim of money or property by means of deception." *Miller,* 953 F.3d at 1103 (emphasis in original). Since *Miller*, the Ninth Circuit's model criminal jury instruction for the third element of wire fraud has been changed to reflect: "[t]hird, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat." *Manual of Modern Criminal Jury Instructions for the District Courts of the Ninth Circuit* § 8.124 (2021).

Given this change in the law in the Ninth Circuit, Defendant argues that the Government committed error in improperly instructing the grand jury on this element of wire fraud, and therefore the Indictment should be dismissed without prejudice. Furthermore, Defendant argued at the status conference that because the other counts in the Indictment are dependent on the wire fraud counts, the indictment should be dismissed in its entirety. For purposes of this motion, the Court will assume Defendant's position that the Government did commit error by instructing the grand jury that it need only find that the Defendant intended to deceive *or* cheat. However, even assuming so, Defendant has

5

completely failed to demonstrate the requisite prejudice that he suffered from the error for an indictment to be dismissed.

### A. *Miller* applies retroactively, and the Court will assume that the Government erred in its instruction.

As a preliminary matter, this Court asked the parties to brief the issue on retroactivity because at the time of the Indictment, an instruction containing the "deceive or cheat" language (assuming as true that the Government gave such an instruction to the jury on this offense) was the standing Ninth Circuit instruction for the third element of wire fraud. *See Manual of Modern Criminal Jury Instructions for the District Courts of the Ninth Circuit* § 8.124. Defendant conceded at the motion hearing that this was also the correct statement of the law at the time. Thus, if *Miller* does not apply retroactively, the Court can quickly dispose of this instant motion because the Government would have not committed any error in giving an instruction that was correct at the time.[1] Still, neither party addressed the issue of retroactivity in their briefs.

Having reviewed the relevant case law, the Court concludes that the holding in *Miller* does apply retroactively. The United States Supreme Court's opinion in *Schriro v. Summerlin*, 542 U.S. 348 (2004) squarely addresses this issue. In *Schriro*, the Supreme Court distinguished between substantive and procedural changes in law and highlighted that "[n]ew *substantive* rules generally apply retroactively," including those decisions that narrow the scope of a criminal statute by

---

[1] To the extent that Defendant relies on *Shaw v. United States*, 137 S.Ct. 462 (2016) in arguing that "deceive *and* cheat" for a wire fraud charge was the correct law at the time the Indictment was issued by the grand jury in 2017, that reliance is misplaced because *Shaw* dealt with the offense of bank fraud—not wire fraud—and is therefore not automatically controlling here.

interpreting its terms, "because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id.* at 351-52 (internal quotations and citations omitted) (emphasis in original); *see United States v. Lucero*, 989 F.3d 1088, 1105 (9th Cir. 2021) (explaining that judicial decisions changing the law "apply retroactively because they are treated as an authoritative statement of what the statute meant *before* as well as after the decision of the case giving rise to that construction, rather than as announcing a new law." (internal quotations and citation omitted)); *cf. Nunez-Reyes v. Holder*, 646 F.3d 684, 690 (9th Cir. 2011) ("The default principle is that a court's decisions apply retroactively to all cases still pending before the courts.").

"New rules of procedure, on the other hand, generally do not apply retroactively" as "[t]hey do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Schriro*, 542 U.S. at 352. Given this "more speculative connection to innocence . . . only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding" are given retroactive effect. *Id*. (internal quotations and citations omitted).

The question then is whether *Miller* announces a new substantive rule or merely establishes a new rule of procedure. As explained in *Schriro*, "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." 542 U.S at 353. This includes

a decision that "modifies the elements of an offense." *Id*. at 354. *Miller* undisputedly[2] modifies the third element of wire fraud by requiring an intent to "deceive and cheat" rather than the "deceive or cheat." Accordingly, *Miller* is substantive and applies retroactively. However, given the secrecy of grand jury proceedings as set forth in Federal Rule of Criminal Procedure 6(e), the Court does not have the benefit of a transcript of the proceedings to determine whether the "deceive or cheat" instruction was actually given to the jury. The Court will nonetheless assume *arguendo* for purposes of this motion that the Government gave the "deceive or cheat" instruction to the grand jury, consistent with the Ninth Circuit instruction at the time, and therefore the Court will presume that the Government committed error by relying on the prior Ninth Circuit caselaw and jury instruction.

### B. Defendant has failed to demonstrate prejudice.

Evening assuming error, ample case law as referenced above makes clear that Defendant needs to demonstrate prejudice in order for the Indictment to be dismissed. Defendant here has outright failed to demonstrate any prejudice. Notably, Defendant's motion is prolific with conclusory statements that given the error, "[t]here is substantial likelihood that the Grand Jury's decision to indict was not free from the influence of such violations" and that "Defendant Smith has suffered prejudice." (Mot. at 6.) Even in response to the Government's opposition that pointed to specific findings by the grand jury in the Indictment (paragraphs 24 through 28) and other charges in the Indictment that would have nonetheless allowed the grand jury to find probable cause that Defendant had an intent to cheat for wire fraud (*see* Opp'n at 9-10), Defendant again only conclusively stated he suffered substantial

---

[2] The parties agreed at that motion hearing that the *Miller* decision changed an element of the wire fraud offense.

8

prejudice (*see* Reply at 3-5). The Court also repeatedly pressed Defendant as to what prejudice he suffered from the incorrect grand jury instruction on the wire fraud element, but Defendant failed to properly articulate any. Instead, Defendant merely articulated that the misstatement of the law alone "absolutely" prejudiced the defendant as a matter of law given that it inherently gave the grand jury discretion to find probable cause to indict if it found either an intent to deceive or an intent to cheat. In what the Court can adduce from Defendant's lengthy oral argument, Defendant appeared to argue a presumption of prejudice based on the error alone.

But this is not one of those constitutional errors where the "structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice." *See Bank of Nova Scotia*, 487 U.S. at 257. An incorrect jury instruction—here, on one element of the crime—does not compromise the structural protections of the grand jury. *See Larrazolo*, 869 F.2d at 1359 (finding that the prosecutor's alleged failure to include requirements of criminal intent and knowledge in its definition of conspiracy was not a structural error giving rise to the presumption of prejudice). In fact, the Ninth Circuit has found at least once, subsequent to *Miller*, no plain error where the jury was instructed with "deceive *or* cheat" rather than "deceive *and* cheat." *See, e.g.*, *United States v. Canada*, 2021 WL 3630230, at *2 (9th Cir., Aug. 17, 2021) (finding that Defendant failed to "demonstrate the erroneous instructions affected [her] substantial rights or seriously affected the fairness, integrity, or public reputation of the judicial proceedings" since the "scheme here centered on deceiving government agencies to misappropriate public funds" and therefore "necessarily involved both an intent to deceive and an intent to cheat" (internal quotations and citation omitted)); *cf. United States v. Minasyan*, 4 F.4th 770, 780 (9th Cir. 2021) (finding that

Defendant was unable to show that his substantial rights were affected by instruction on "deceive or cheat," assuming that *Miller* applied to health care fraud statute); *United States v. Belcher*, 857 F.App'x 390, 392 (9th Cir. 2021) (finding no plain error warranting reversal where "deceive or cheat" instruction was given regarding health care fraud). Even in *Miller* itself, the Ninth Circuit found that the error was harmless. *See Miller*, 953 F.3d at 1104. Defendant's prejudice argument based on the error alone therefore fails.[3]

Instead, ample evidence supports that Defendant was not prejudiced by the incorrect jury instruction on the "intent to defraud" element of wire fraud, assuming an instruction was given as such for that offense. The Indictment itself demonstrates that the grand jury found sufficient facts supporting an intent to deceive as well as an intent to cheat, that is, intent "to deprive the victim of money or property." *Miller*, 953 F.3d at 1103. For example, the grand jury found that "[i]t was further part of the scheme to defraud that defendant MARK S. SMITH sought . . . landlord HAP funds under the Section 8 Program for rental properties he owned or controlled during his term as legal counsel with GHURA and one year thereafter." (Indictment ¶ 24, ECF No. 1.) The grand jury also found that

> [i]t was further part of the conspiracy and scheme to defraud that defendants MARK S. SMITH and GLENN D. WONG made and caused to be made material misrepresentations and omissions to GHURA, HUD, and others regarding their ownership and control of rental properties enrolled in the Section 8 Program *to cause GHURA to issue landlord HAP funds* to defendant WONG for rental properties owned or controlled by defendant

---

[3] Defendant's one citation to *United States v. Cerrullo*, 2007 WL 2683799, at *2 (S.D. Cal. Sept. 7, 2007) is also distinguishable because there, the prosecution failed to properly delineate to the grand jury a donor's intent in giving money to a religious minister to distinguish between the latter's reportable earned income and non-reportable gift, when asked by the grand jury at least three times regarding the difference between those two categories when considering to indict for the crime of filing a false tax return. The Court found prejudice by the prosecutorial error in failing to instruct the grand jury because a donor's intent was "the most critical factor." *Id*. at *2-3.

10

SMITH during SMITH's term as legal counsel with GHURA and one year thereafter.

(*Id*. ¶ 25 (emphasis added).) The Indictment therefore suggests that the grand jury did find probable cause that Mr. Smith acted with the intent to cheat.

Moreover, the grand jury indicted Smith alone for the separate count of Theft of Government Property based on the same facts and scheme contained for the wire fraud counts, and Theft of Government Property requires a finding that the defendant knowingly embezzled, stole, converted to defendant's use or the use of another, money or property of value *with the intention of depriving the owner of the use or benefit of the money or property*. *See Manual of Modern Criminal Jury Instructions for the District Courts of the Ninth Circuit* § 8.39 (emphasis added). As to this count, the Indictment referenced the same Section 8 Program Housing Assistance Payments or landlord HAP funds as the money or property, like in the wire fraud counts. (Indictment ¶ 36.) Thus, that the jury could not have found an intent to cheat is contradicted by the grand jury's charge on Theft of Government Property. *See Miller*, 953 F.3d at 1103-04 (finding that "any notion that the jury thought that [defendant] was guilty of deception, but not cheating . . . . is flatly contradicted by the jury's conviction on all the tax count."). Defendant therefore cannot establish that the alleged erroneous instruction substantially influenced the grand jury's decision to indict, or that there is "grave doubt" to the grand jury's exercise of independent judgment free from the influence of the violation.

Moreover, any errors in the grand jury instructions would be cured by the Court prospectively instructing the petit jurors with the correct jury instructions for wire fraud. Since trial has begun, jurors in fact have been preliminary instructed by the Court on the "deceive *and* cheat" requirement for wire

fraud. Defense counsel has also made clear to the jury in his opening statement of the requirement that intent to defraud requires also the intent to cheat. Thus, any potential prejudice from the erroneous instructions given to the grand jury have since been cured. Accordingly, Defendant's motion to dismiss is denied.[4]

As to Defendant's alternative request for the disclosure of limited grand jury proceedings and definitions relating to wire fraud, the Court previously *sua sponte* granted that alternative request so that the Court could have a complete and thorough analysis of Defendant's motion to dismiss prior to the motion hearing. ECF No. 471; *see* Fed. R. Crim. P. 6(e)(3)(E)(ii) ("The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."). However, based on the Court's prior

---

[4] Defendant also takes issue with paragraph 6 of the Indictment, arguing that the Government, prior to the Court permitting an amendment to the citation, incorrectly told the grand jury that Smith was categorically and automatically prohibited under the conflict of interest provision of 24 C.F.R. § 982.161(a)(1). (Mot. at 1-2; Reply at 1-2.) Defendant also argues that the Government improperly told the grand jury based on paragraph 7 of the Indictment that Smith was required to comply with the conflict of interest provisions of the HAP contracts, a condition precedent finding that Defendant argues the grand jury should have decided on its own. (Reply at 2-3.) These arguments are meritless, as they are based on Defendant misconstruing the grand jury's own findings in the Indictment as facts that the Government allegedly told the jury. Furthermore, as to the incorrect citation to 24 C.F.R. § 982.161(a)(1) instead of (a)(2), the Indictment substantively refers to the applicable provision of 24 C.F.R. § 982.161(a)(2) by stating that Smith is "GHURA's legal counsel who formulated policy or influenced decisions with respect to the HUD programs." Defendant is therefore not prejudiced by this incorrect citation. *See* Fed. R. Crim. P. 7(c)(2) ("Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction."). The Court therefore previously permitted the Government to amend that citation in the Indictment. (*See* Min., ECF No. 148.)

representation to the Government that it would afford the Government adequate time to oppose the alternative motion, and the Court having been able to render a decision without the need of the grand jury transcripts upon further review of the motion, opposition brief, and applicable case law, the Court therefore rescinds its previous order requiring the immediate disclosure of the grand jury transcript (ECF No. 471). The Government's motion for relief from the Court's order (ECF No. 472) is thus GRANTED.

## IV. CONCLUSION

The Court is disappointed with the parties' conduct in how they handled this change in Ninth Circuit caselaw. Defense counsel, who entered an appearance in December 2019, should have been more diligent in timely discovering this issue when the Ninth Circuit issued its decision in March 2020, over a year and a half ago, and the Government should have been more forthcoming about this legal issue no later than when they submitted a proposed jury instruction that is clearly different from what was submitted in 2017. Yet instead, the Court was bombarded with these last-minute filings that have extensively delayed trial at the expense of jurors who have timely appeared in response to the Court's summons.

For the reasons set forth above, Defendant's motion to dismiss and in the alternative is DENIED, and the Government's motion for relief is GRANTED.

IT IS SO ORDERED this 22nd day of November, 2021.

RAMONA V. MANGLONA
Designated Judge

13

Case 1:17-cr-00020   Document 511   Filed 11/22/21   Page 13 of 13