SHAWN N. ANDERSON
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
WILLIAM M. DOOLITTLE
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 17-00020 |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' MOTION FOR STAY OF BRIEFING SCHEDULE OR CLARIFICATION** |
| MARK S. SMITH, | |
| Defendant. | |

COMES NOW, the United States of America, by and through its undersigned counsel, and hereby moves this Court to stay the current briefing schedule, to be reset following the entry of the Court's anticipated written decision entering judgments of acquittal on Counts 1-27 of the Indictment. Alternatively, the United States requests that the Court clarify when it expects to enter that written decision. The United States has conferred with Defendant's counsel, who provided the following response: "The defense does not believe it is necessary for the Court to issue a written decision before the briefing, but the defense will not oppose the motion and will defer to the Court on whatever it believes is the best and most efficient way to proceed."

Following a lengthy trial, a jury found Defendant Mark S. Smith guilty of one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1349 and 1343; 26 counts of Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2; one count of Theft of Government Property in violation of 18 U.S.C. § 641; one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§ 1956(h), 1957, and 1956(a)(1)(B)(i); three counts of Engaging in Monetary Transactions with Proceeds of Specified Unlawful Activity in violation of 18 U.S.C. §§ 1957 and 2; and two counts of Laundering of Monetary Instruments in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. ECF No. 1, 561.

On April 12, 2022, Defendant filed a Motion for Judgments of Acquittal, New Trial, and to Arrest Judgment. ECF No. 622; *see also* ECF No. 639 (U.S. Response), ECF No. 643 (Defendant's Reply). In that motion, Defendant asked the Court to enter judgments of acquittal on all counts, arguing that the government's theory of property fraud was defective. Although Defendant's argument and authority on this point addressed Conspiracy to Commit Wire Fraud (Count 1) and Wire Fraud (Counts 2-27), Defendant's motion briefly claimed that the government proceeded on the same allegedly defective theory to support Theft of Government Property, 18 U.S.C. § 641 (Count 28), noting that the Supreme Court in *Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020), overturned convictions for both wire fraud (18 U.S.C. § 1343) and federal program fraud (18 U.S.C. § 666). *See* ECF No. 622, p. 13.

After argument at a hearing on May 17, 2022, the Court stated its inclination to enter judgments of acquittal as to "the wire fraud charges." ECF No. 650, p. 76 (Hearing Transcript). The Court explained the basis for its inclination as follows:

> And at this point in time what I'd like to note is I'm prepared to announce that I'm inclined to grant the Defendant's motion for judgment of acquittal on the wire fraud charges for the reasons stated in the arguments in reliance on the language of the statute, the case law cited, as well as the evidence in the record in this matter, including the Indictment.

> I've been delving into the details, and I am satisfied with the arguments that in this mixed issue of evidentiary and legal issues, having reviewed the Indictment, considered the evidence presented at the actual jury trial, and the arguments made thus far.

*Id.* At the request of the parties, the Court has ordered additional briefing to address how the entry of judgments of acquittal on Counts 1-27 would impact the remaining charges. *See id.* The Court stated its intention to enter a written memorandum decision regarding the wire fraud counts, but did not clarify when it expects to enter that decision. *See id.* at 95.

The United States submits that the effect of the Court's anticipated ruling on the remaining counts will depend on the rationale the Court adopts in making that ruling. As demonstrated in the excerpt from the hearing above, the Court has not yet offered its reasoning for entry of judgments of acquittal in detail, referencing generally the parties' arguments, cases cited, the Indictment, and evidence presented at trial. Without a clearer statement from the Court, the parties are left to approximate the Court's reasoning when assessing whether the remaining counts are affected. The parties might reasonably have different views of the nature, breadth, and basis of the Court's anticipated ruling, undermining the usefulness of any briefing submitted prior to entry of the Court's written decision.

Accordingly, the United States requests that the Court vacate the current briefing schedule, to be reset after the Court has entered the expected written decision explaining its rationale for entering judgments of acquittal on Counts 1-27.[1] If the Court expects to enter the written decision significantly prior to the commencement of the current briefing schedule on June 20, 2022, the United States merely requests clarification of that fact.

---

[1] With respect, the United States firmly opposes the Court's anticipated ruling. The Court's written decision will also allow the United States to determine whether to ask the Court to reconsider its ruling. Waiting to reset the briefing schedule until after the entry of the Court's written decision may allow the Court to craft the new schedule so as to avoid unnecessary delay and to promote the logical development of the issues to be decided.

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED this 26th day of May, 2022. |
| 2 | SHAWN N. ANDERSON |
| | United States Attorney |
| 3 | Districts of Guam and the NMI |
| 4 | By: /s/William M. Doolittle |
| | WILLIAM M. DOOLITTLE |
| 5 | Special Assistant U.S. Attorney |
| 6 | By: /s/Marivic P. David |
| | MARIVIC P. DAVID |
| 7 | Assistant U.S. Attorney |