BENJAMIN L. COLEMAN
BENJAMIN L. COLEMAN LAW PC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 865-5106
Email: blc@blcolemanlaw.com

MICHAEL F. PHILLIPS
PHILLIPS & BORDALLO
410 West O'Brien Drive
Hagatna, GU 96910-5044
Telephone No. (671) 477-2223
Email: advice@phillipsbordallo.law

*Counsel for Defendant Mark S. Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 17-00020 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | SUPPLEMENTAL BRIEF |
| MARK S. SMITH, | ) | |
| Defendant. | ) | |

COMES NOW, defendant Mark S. Smith, by and through undersigned counsel, and respectfully submits this Supplemental Brief pursuant to the Court's June 3, 2022 order.

                                                    Respectfully submitted,

                                                    *s/Benjamin L. Coleman*, *s/Michael F. Phillips*

Dated: June 22, 2022                  BENJAMIN L. COLEMAN
                                                    MICHAEL F. PHILLIPS

                                                    *Counsel for Defendant Mark S. Smith*

## TABLE OF CONTENTS

Table of authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  The Court should grant Rule 29 relief on the remaining counts because the government has conceded through judicial admissions that the counts are based on the same defective property fraud theory, and its concession is well taken.. . . . . . . . . . . 1

II.  At the very least, the Court should grant a new trial on the remaining counts. . . . . . . . 5

III.  The Court should conditionally grant a new trial on all counts under Rule 29(d). . . . . 6

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

## CASES

*Kelly v. United States*,
    140 S. Ct. 1565 (2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,4

*McCormick v. United States*,
    500 U.S. 257 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4

*Skilling v. United States*,
    561 U.S. 358 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Tanner v. United States*,
    483 U.S. 107 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Adams*,
    343 F.3d 1024 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Bonds*,
    784 F.3d 582 (9th Cir. 2015) (*en banc*). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Crawford*,
    372 F.3d 1048 (9th Cir. 2004) (*en banc*). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Garrido*,
    713 F.3d 985 (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,6

*United States v. Green*,
    897 F.3d 443 (2d Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Mendoza*,
    25 F.4th 730 (9th Cir. 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Yates*,
    16 F.4th 256 (9th Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,4,5

## STATUTES

18 U.S.C. § 641. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

18 U.S.C. § 666. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 1343. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3

18 U.S.C. § 1349. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3

## RULES

Fed. R. Crim. P. 29. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

# INTRODUCTION

The indictment charged defendant Mark S. Smith with conspiracy to commit wire fraud, 18 U.S.C. § 1349, and substantive wire fraud, 18 U.S.C. § 1343, in Counts 1-27, theft of government property under 18 U.S.C. § 641 in Count 28, and conspiratorial and substantive money laundering violations in Counts 29-30, 33-34, 38, and 45. The Court has granted Mr. Smith's Fed. R. Crim. P. 29 motion as to the conspiratorial and substantive wire fraud charges in Counts 1-27, finding that the government proceeded on a defective theory of property fraud. *See* Doc. 656. "Having concluded that the Government's theory of property fraud is defective as to the wire fraud charges, the question now turns to whether the Government proved a money or property fraud under Section 641's theft of government property, and the money laundering counts." *Id.* As discussed below, the answer to that question is that the same defect requires Rule 29 relief or at least a new trial as to the § 641 count and the derivative money laundering counts. Furthermore, the Court should also conditionally grant a new trial on all counts pursuant to Rule 29(d).

# ARGUMENT

**I. The Court should grant Rule 29 relief on the remaining counts because the government has conceded through judicial admissions that the counts are based on the same defective property fraud theory, and its concession is well taken.**

In its very own pleadings, the government has conceded that the § 641 charge in Count 28 was based on the same property fraud theory that this Court found to be defective when granting Rule 29 relief on the wire fraud counts. As the government stated in its opposition to Mr. Smith's post-trial motions, the § 641 charge in this case also required it to prove *property fraud*: "In Counts 1 *through 28*, Smith was charged with and convicted of offenses that protect *property* rights." Doc. 639 (page 2, lines 21-22) (first emphasis added, second in original). Removing any doubt, the government explicitly and unequivocally stated that the § 641 charge was based on the exact same property fraud theory relied on for the wire fraud counts: "From the indictment to the jury's guilty verdict to this post-trial briefing, the government has consistently relied on the same theory of guilt: Smith devised and carried out a scheme to defraud the government of its money or

property, in the core of §§ 1343 *and 641*." *Id.* (page 3, lines 10-12) (emphasis added). Likewise, the government asserted that the § 641 count in the indictment made it clear that "this case is about money or property fraud" and not some other theory of fraud or theft. *Id.* (page 4, line 2).

The government's representations constitute a "judicial admission" that "is binding before both trial and appellate courts." *United States v. Crawford*, 372 F.3d 1048, 1055 (9th Cir. 2004) (*en banc*); *see, e.g.*, *United States v. Adams*, 343 F.3d 1024, 1030 n.3 (9th Cir. 2003) (statement in motion papers constituted judicial admission). In short, the government has conceded that it had to establish property fraud to convict on the § 641 count, and it has conceded that its theory of property fraud for the § 641 count was the exact same theory alleged as to the wire fraud counts.

While the judicial admissions in its brief are alone sufficient to bind the government, the government took the exact same approach in the indictment and at trial. Count 28 specifically incorporated the wire fraud allegations, *see* Doc. 1 (paragraph 35), and the prosecutors contended at trial that the § 641 count was based on the same fraud theory underlying the § 1343 counts. *See* Tr. 3137 (Dec. 3, 2021) (In responding to mid-trial Rule 29 motion: "They knowingly stole the money by making the same misrepresentations and the material admissions [sic] discussed previously in the wire fraud and conspiracy to commit wire fraud counts."); Tr. 3487 (Dec. 6, 2021) (After arguing wire fraud in summations, arguing as to the § 641 count: "And they knowingly stole the money by making the same misrepresentations that we've already talked about.").[1]

Given that the same property fraud theory was the basis for the § 641 count, Mr. Smith relied on recent and clear precedent in his Rule 29 motion, including *Kelly v. United States*, 140 S. Ct. 1565 (2020) and *United States v. Yates*, 16 F.4th 256 (9th Cir. 2021), to

---

[1] Likewise, the only theory explained in any detail in the jury instructions was property fraud. While Mr. Smith has maintained that the jury instructions were erroneous even as to property fraud, the charge to the jury failed to include particularized instructions regarding the elements of some other unidentified theory.

argue that the Court should grant acquittals on *all* counts. *See* Doc. 622 (Page 7: "The invalid theory cannot support the wire fraud charges under 18 U.S.C. §§ 1343 and 1349 in Counts 1-27, *see Kelly*, 140 S. Ct. at 1571 n.1, nor can it support the 18 U.S.C. § 641 charge in Count 28 as the only theory that the government proceeded on was the same defective property fraud theory. *See Kelly*, 140 S. Ct. at 1568 (also overturning property fraud conviction under 18 U.S.C. § 666); *McCormick v. United States*, 500 U.S. 257, 270 n.8 (1991); *Yates*, 16 F.4th at 265."). Again, in response, the government did not make any contrary argument and affirmatively agreed that the § 641 count would rise or fall based on the validity of its property fraud theory. *See* Doc. 639. Based on the government's concessions, Mr. Smith explicitly pointed out in his reply brief that the opposition to his motion conceded that *all* counts had to be vacated if the Court found that the government's property fraud theory was defective. *See* Doc. 643 (page 2).

      Even at the oral argument on the post-trial motions, the government did not contend that the § 641 count should be treated differently when it made its initial presentation. *See* Tr. 28-64 (May 17, 2022). In other words, although given ample opportunity and arguing for nearly 40 pages, the government never contended that it had not in fact conceded that the same analysis governs all of the counts. It was only *after* the Court expressed an intention to grant the Rule 29 motion as to the wire fraud counts that the government contended that perhaps the § 641 count could be saved. *Id.* at 78-93. It is still unclear what the government's argument is for saving the § 641 count, and this Court should hold the government to its binding judicial admission and should decline to consider any as-yet unidentified arguments to support that count. In any event, even if the government is somehow permitted to walk back its concessions, both Supreme Court and Ninth Circuit precedent establish that the Court should also grant Rule 29 relief as to the § 641 count.

      As Mr. Smith has previously argued, *Kelly* overturned both the wire fraud charges *and the § 666 count* due to the defective property fraud theory. *See Kelly*, 140 S. Ct. at 1568. The government has belatedly suggested, without any developed explanation, that §

641 and § 666 are different. Tr. 90 (May 17, 2022). The two statutes, however, are "closely related" and interpreted in the same manner given that they use similar language. *United States v. Green*, 897 F.3d 443, 449 (2d Cir. 2018). Thus, the Supreme Court's holding as to the § 666 count in *Kelly* controls the question as to the § 641 count here. Consistent with *Kelly*, the Court should also grant the Rule 29 motion as to Count 28.

Indeed, the government's belated attempt to sustain the § 641 count on some other, as-yet unidentified theory violates Mr. Smith's Fifth and Sixth Amendment rights. In arguing that the Court should grant his Rule 29 motion as to the § 641 count, *see* Doc. 622, Mr. Smith previously cited *Yates* and *McCormick*, which explain that a court cannot uphold a verdict "on a different theory than was ever presented to the jury." *Yates*, 16 F.4th at 265 (quoting *McCormick*, 500 U.S. at 270 n.8). In other words, a sufficiency of the evidence analysis evaluates the theory that the government actually argued to the jury, not some other theory conjured up at a later time. *See United States v. Bonds*, 784 F.3d 582, 587 n.1 (9th Cir. 2015) (*en banc*) (N.R. Smith, J., concurring). In sum, while the government is bound by its prior concessions, it is also constitutionally prohibited from changing course now.

Finally, the money laundering counts specifically alleged wire fraud and § 641 as the underlying unlawful activity. *See* Doc. 1. Thus, because the Court has already entered judgments of acquittal on the wire fraud charges and an acquittal should similarly be entered on the § 641 charge, acquittals must also be entered as to the derivative money laundering charges (Counts 29-30, 33-34, 38, and 45). *See United States v. Mendoza*, 25 F.4th 730, 741-42 (9th Cir. 2022) (failure to prove underlying offense requires acquittal on derivative offense); *United States v. Garrido*, 713 F.3d 985, 998-99 (9th Cir. 2013) (reversal of underlying fraud counts requires reversal of derivative money laundering counts). Once again, the government has never contended otherwise.[2]

---

[2] Mr. Smith has also argued that he is entitled to Rule 29 relief as to the § 641 charge based on the statute of limitations and *Tanner v. United States*, 483 U.S. 107, 130-32 (1987).

## II. At the very least, the Court should grant a new trial on the remaining counts.

As discussed above, the Court should not and cannot entertain some as-yet, unidentified theory to sustain the sufficiency of the evidence as to the § 641 charge in Count 28. Even if that were somehow permissible, however, the Court should at least grant a new trial as to the § 641 count and the derivative money laundering counts.

Given the general verdict, this Court has no way of knowing whether the jury actually returned its verdict on the § 641 charge based on this unidentified theory. As explained, the theory that dominated the government's presentation at trial as to the § 641 count (and actually the *only* theory argued by the government) was the defective property fraud theory. Under the Ninth Circuit's recent *Yates* opinion, these circumstances require at least a new trial. The property fraud theory that permeated the government's trial presentation as to Count 28 was invalid, and "'constitutional error occurs' when a jury 'returns a general verdict that may rest on a legally invalid theory.'" *Yates*, 16 F.4th at 269 (quoting *Skilling v. United States*, 561 U.S. 358, 414 (2010)); *see Garrido*, 713 F.3d at 994. As in *Yates*, the defective property fraud theory was not simply "a few stray lines" of closing argument but instead was "the focus of the entire prosecution from beginning to end." *Yates*, 16 F.4th at 269. The government has even conceded that the defective property fraud theory was its theory as to the § 641 count from the beginning of the case until as recently as its post-trial briefing. *See* Doc. 639. Accordingly, at the very least, this Court should grant a new trial as to the § 641 count, which then also requires a new trial as to the money laundering counts. *See Garrido*, 713 F.3d at 998-99.

Additionally, all of Mr. Smith's other arguments in support of a new trial also apply to the § 641 count. *See* Doc. 622; Doc. 643. That is, a new trial is required on the § 641 charge because: (1) the government erroneously argued honest-services and legal-fees theories during summations; and (2) several of the jury instructions were flawed. Once

---

*See* Doc. 622. After some initial confusion, the government forthrightly agreed that the § 641 charge straddles the operative limitations date. *See* Tr. 81-83 (May 17, 2022).

again, because a new trial is required for the § 641 count based on these claims, a new trial is also required on the derivative money laundering counts. *See Garrido*, 713 F.3d at 998-99.

**III. The Court should conditionally grant a new trial on all counts under Rule 29(d).**

Finally, Rule 29(d) provides: "If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed." Fed. R. Crim. P. 29(d)(1). For all of the reasons set forth above and in Mr. Smith's other post-trial briefing, *see* Doc. 622; Doc. 643, the Court should also conditionally grant a new trial on all counts.

**CONCLUSION**

For the foregoing reasons, the Court should enter an Order granting judgments of acquittal on the remaining counts. Alternatively, it should grant a new trial on the remaining counts. The Court should also conditionally grant a new trial on all counts.

RESPECTFULLY SUBMITTED this 22nd day of June, 2022.

By: *s/Benjamin L. Coleman*
BENJAMIN L. COLEMAN

*s/Michael Phillips*
MICHAEL PHILLIPS

*Counsel for Defendant Mark S. Smith*