**IN THE DISTRICT COURT
FOR THE TERRITORY OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 17-00020 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER GRANTING ACQUITTAL ON DEFENDANT'S REMAINING COUNTS** |
| MARK S. SMITH, | |
| Defendant. | |

On December 8, 2021, a jury found Defendant Mark S. Smith guilty on 26 counts of wire fraud, 1 count of conspiracy to commit wire fraud, 1 count of theft of government property, 3 counts of money laundering, 2 counts of laundering of monetary instruments, and 1 count of conspiracy to commit money laundering. (Verdict, ECF No. 561.) Defendant subsequently moved for a judgment of acquittal on all counts, or alternatively for a new trial or arrest of judgment. (Mot., ECF No. 622.) On June 3, 2022, the Court issued its decision and order granting in part the motion for judgment of acquittal, specifically as to the wire fraud charges (Counts 2 through 27) and conspiracy to commit wire fraud charge (Count 1). (*See* Decision, ECF No. 656.) The Court now issues this decision and order granting Defendant's motion for judgment of acquittal on the remaining seven counts.

## I.    BACKGROUND

Given the Court's iteration of the history of this case in its prior decision and order granting in part Defendant's motion for judgment of acquittal (ECF No. 656), the Court need not restate much of the background here. Of relevance, however, is that the Court in its June 3, 2022 decision and order

1

granted Defendant's motion for judgment of acquittal as to Count 1 (Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1349 and 1343) and Counts 2 to 27 (Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2). As to the remaining seven counts—Count 28 (Theft of Government Property, in violation of 18 U.S.C. § 641), Count 29 (Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (h) and 1957), Counts 30, 33, and 34 (Engaging in Monetary Transactions with Proceeds of Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957 and 2), and Counts 38 and 45 (Laundering of Monetary Instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)—the Court ordered supplemental briefing given that the parties did not specifically address the issue as to whether the Government presented sufficient evidence to sustain a theft of government property conviction.

Defendant Smith filed his supplemental brief (Supp. Mot., ECF No. 659), to which the Government filed its opposition (Supp. Opp'n, ECF No. 662), and the Defendant his reply (Supp. Reply, ECF No. 668). The matter was heard on July 28, 2022, during which time the Court took the matter under advisement. (Min., ECF No. 670.) Having considered the parties' briefs and oral arguments, and the relevant case law, the Court now issues this decision and order granting Defendant's motion for judgment of acquittal as to the remaining seven counts.

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 29 provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A defendant may also move for a judgment of acquittal, or renew such a

motion, within 14 days[1] after a guilty verdict or after the court discharges the jury, whichever is earlier." Fed. R. Crim. P. 29(c)(1). "The evidence is to be considered in the light most favorable to the government to determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201 (9th Cir. 2000) (citation omitted) (emphasis added); *see United States v. Begay*, 673 F.3d 1038, 1043 (2011). "Further, all reasonable inferences are to be drawn in favor of the government, and any conflicts in the evidence are to be resolved in favor of the jury's verdict." *Alvarez-Valenzuela*, 231 F.3d at 1201-02. "If there appears some doubt, so that the court believes the jury might disagree, the motion must be denied." *United States v. Figuerora-Paz*, 468 F.2d 1055, 1058 (9th Cir. 1972). "[A] jury's verdict is not to be disturbed lightly." *Begay*, 673 F.3d at 1043.

## III. DISCUSSION

### A. Acquittal on Remaining Counts

The remaining seven counts against Defendant involve theft of government property (Count 28), money laundering (Counts 30, 33, 34, 38, 45), and money laundering conspiracy (Count 29). As to the money laundering charges against Defendant Smith, those were predicated on either wire fraud, conspiracy to commit wire fraud, or theft of government property.[2] Defendant has since been acquitted

---

[1] As mentioned previously, the Court granted Defendant's motion for an extension to file the motions. (ECF No. 566.)

[2] The instruction (Instruction No. 27) for Counts 30, 33, and 34, Engaging in Monetary Transactions with Proceeds of Specified Unlawful Activity, required the jury to find that "the property was, in fact, derived from conspiracy to commit wire fraud, or wire fraud, or theft of government property." Similarly, the instruction (Instruction No. 28) for Counts 38 and 45, Laundering of Monetary Instructions, required the jury to find that "the defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds of conspiracy to commit wire fraud, or wire fraud, or theft of government property." (*See* Final Jury Instructions, ECF No. 557.)

3

on the wire fraud and its related conspiracy charges. (*See* Decision, ECF No. 656.) Therefore, the money laundering counts survive only if the Court finds that the Government proved theft of government property, which the Government has conceded.[3] Thus, the issue before the Court is "whether the Government proved a money or property fraud under Section 641's theft of government property." (*See* Decision at 23.) The Defendant argues no for two reasons. The Court will address each of those arguments.

### 1. Judicial Admission

First, Defendant argues that the Court should grant acquittal based on the Government's judicial admission that its theft of government property count proceeded on the same property fraud theory as the wire fraud counts. (Supp. Mot. at 1-2.) According to the Government's brief, "[f]rom the indictment to the jury's guilty verdict to this post-trial briefing, the government has consistently relied on the same theory of guilt: Smith devised and carried out a scheme to defraud the government of its money or property, in the core of §§ 1343 and 641." (Opp'n at 3, ECF No. 639.) Defendant therefore argues that the Government's own concession is binding. *See United States v. Crawford*, 372 F.3d 1048, 1055 (9th Cir. 2004) (en banc) ("A judicial admission is binding before both trial and appellate courts.").

The Court finds this argument unpersuasive. "The same conduct can support convictions for two separate offenses," or in other words, the same conduct can "violate[] *two different statutes*

---

[3] At the initial hearing on Defendant's motion for judgment of acquittal, the Court asked the Government, "So, so long as the theft of government property, Count 28, stands, then these other counts also stand." In response, the Government stated, "That's correct." (Tr. at 92:20-92:12, ECF No. 650.)

containing different elements." *United States v. Williams*, 291 F.3d 1180, 1188 (9th Cir. 2002),

*overruled on other grounds by United States v. Gonzales*, 506 F.3d 940 (9th Cir. 2007) (emphasis in

original). As the Government properly notes, the elements of wire fraud and theft of government

property are different. (Supp. Opp'n at 6-7.)

The jury was instructed as to wire fraud:

> The defendant is charged in Counts 2 through 27 of the indictment with wire fraud, in violation of Title 18, United States Code, Section 1343. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

> Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

> Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

> Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

(*See* Jury Instructions, ECF No. 557.) The instruction to the jury for Theft of Government Money or

Property (Instruction No. 25) was:

> The defendant is charged in Count 28 of the indictment with theft of government property in violation of Section 641 of Title 18 of the

5

United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly stole or converted to defendant's use or converted to the use of another, money or property of value with the intention of depriving the owner of the use or benefit of the money or property;

Second, the money or property belonged to the United States; and

Third, the value of the money or property was more than $1,000.

(*See id*.) The Government's failure to satisfy all of the elements for one offense based on the same conduct does not equate to a failure to satisfy another offense containing different elements. The Court therefore rejects Defendant's argument for acquittal on the remaining counts based on judicial admission.

**2. <u>Sufficiency of the Evidence</u>**

Next, Defendant argues that acquittal is warranted because 18 U.S.C § 641 requires at least a potential property loss. (*See* Reply at 6.)

18 U.S.C § 641 criminalizes anyone who:

[E]mbezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof . . .

The Supreme Court has made clear that Section 641 was drafted "to collect from scattered sources crimes so kindred as to belong in one category" and reach all instances of "circumstances under which one may obtain wrongful advantages from another's property." *Morissette v. United*

6

*States*, 342 U.S. 246, 266–67, 271 (1952). "Section 641 was a consolidation of four former larceny-type offenses, scattered through Title 18, before its 1948 revision." *United States v. Howey*, 427 F.2d 1017, 1018 (9th Cir. 1970). "The history of section 641 and its antecedents demonstrates that Congress intended the section to codify the common law crimes of larceny and embezzlement, together with those other acts which shade into those common law offenses, yet fail to fit precisely within their definitions." *Id*.

Despite the broad depth of § 641 theft-related crimes, the focus for the jury was to determine whether "defendant knowingly stole or converted . . . money or property of value with the intention of depriving the owner of the use or benefit of the money or property." (Jury Instructions, ECF No. 557). The Government during the motion hearing conceded that during trial it did not focus on conversion, but rather stealing. The question is therefore whether any rational trier of fact could have found that the Defendant stole money or property of value, with the intention of depriving the owner of the use or benefit of the money or property, for purposes of Section 641.

In the Ninth Circuit, an essential element of the crime of stealing property under § 641 is that the government suffered a property loss. *See United States v. Long*, 706 F.2d 1044, 1048 (9th Cir. 1983) ("[U]nder § 641 an essential element of the crime of stealing property belonging to the United States is that the government: (1) had an interest in the goods stolen, and (2) suffered a property loss."); *United States v. Hughes*, 626 F.2d 619, 624 (9th Cir. 1980) ("As we have seen, section 641 requires the government to prove a property loss."); *United States v. Collins*, 464 F.2d 1163, 1165 (9th Cir. 1972) ("It is an essential element of the crime of stealing Government property in violation of 18 U.S.C. § 641 that the Government have suffered an actual property loss."). This, the Defendant

7

correctly recognizes. (*See* Supp. Reply at 6.) Even the First Circuit in *United States v. Herrera-Martinez*, which the Government cites to, recognized that no other circuit follows the Ninth Circuit's proposition in *Collins* that the government must show an actual loss to prevail under Section 641. 525 F.3d 60, 64 n. 4 (1st Cir. 2008). Here, the Government failed to demonstrate to the jury any actual property loss since rental units were given in return for the HAP payments.

Yet the Government contends that property loss for purposes of Section 641 does not mean pecuniary loss, but rather the deprivation of the rights and benefits of ownership. The Government relies on *United States v. Faust*, 850 F.2d 575 (9th Cir. 1988) to argue that Section 641 requires "only an intent to appropriate government property to a use inconsistent with the owner's rights and benefits." (Supp. Opp'n at 9.) The Government thus argues that Smith used government property inconsistent with the owner's rights and benefits as he "illegally usurped the government's ability to set the terms on which it would part with HAP funds," and that there is no basis to suggest that "rights and benefits" are limited to economic matters. (Supp. Opp'n at 10.)

In *Faust*, the defendant endorsed and deposited a check payable to both himself and to the Secretary of Transportation without the Secretary's required endorsement, in contravention to the security agreement between the federal government as guarantor and Faust's corporate entity that required proceeds of insurance checks for losses over $100,000 be paid "*to the Secretary for distribution by the Secretary*" to himself and the debtor. *Faust*, 850 F.2d at 579 (emphasis added). Faust was convicted under Section 641 for embezzlement, but challenged the sufficiency of the evidence for his conviction, arguing that the Government failed to prove that the United States suffered a property loss and that the parties entitled to the money eventually received all that was due to them.

*Id.* at 579. Relying on *Ailsworth v. United States*, 448 F.2d 439, 442 (9th Cir. 1971), which noted that "[t]he intent, which is required to constitute a violation of § 641, is the intent to appropriate it to a use inconsistent with the owner's rights and benefits," the Ninth Circuit determined that Faust "willfully appropriated the proceeds of the check to a use inconsistent with the substantial rights and benefits of the government which was an owner of the proceeds." *Faust*, 850 F.2d at 580. The *Faust* court further concluded that "Faust intentionally deprived the government of the rights of supervision and control upon which the government insisted in originally approving the loans. Even if some of the proceeds eventually would have been distributed to Faust (and it is unclear that this is the case), Faust without consent usurped the government's control of the proceeds." *Id.*

But this Court finds *Faust* distinguishable. The government in *Faust* still suffered a pecuniary loss—at least temporarily.[4] By cashing in checks that the Secretary was entitled to, Faust clearly deprived the federal government of funds that at least temporarily belonged to it, irrespective of any rights it had to distribute the funds afterwards.[5] But here, the Government did not prove any pecuniary property loss, temporary or permanent. Rather, Defendant Smith all along intended to receive the HAP payments in exchange for providing rental housing, and in fact did so. Moreover, the HAP funds were

---

[4] In other circuits, which the Government relies on, the intent to cause temporary loss suffices. *United States v. Baker*, 928 F.3d 291, 297-98 (3d Cir. 2019) (noting that "intent to return the property does not exculpate the defendant" and that the "crime is complete when the theft or embezzlement of funds occurs."); *United States v. Dowl*, 619 F.3d 494, 500-01 (5th Cir. 2010) (upholding instruction on defining "steal" as "the wrongful taking of money or property belonging to another with intent to deprive the owner [here, the Government] of its use or benefit either temporarily or permanently.").

[5] Even *Ailsworth* involved pecuniary property loss, as the Defendant stole copper pallets belonging to the government and sold it. *See generally, Ailsworth*, 448 F.2d 439.

9

used for the very purpose of providing rental housing units, consistent with "the owner's rights and benefits."

Yet the Government contends that there was a loss because the Government lost the "ability to set the terms on which it would part with HAP funds" – namely, that the funds go to a conflict-free landlord. But this is not a "property" loss or a lost "thing of value" cognizable under Section 641. The Ninth Circuit has made clear that "section 641 should not be read to apply to intangible goods," as "[t]his interpretation has the advantage of avoiding the first amendment problems which might be caused by applying the terms of section 641 to intangible goods-like classified information." *United States v. Tobias*, 836 F.2d 449, 451 (9th Cir 1988); *see also Chappell v. United States*, 270 F.2d 274, 277 (9th Cir. 1959) (concluding that section 641 was not intended to cover unauthorized use of labor and services). The indictment against Smith alleged theft of HAP payments, but what the Government actually proved during trial was really the intangible loss of honest services or accurate information. Therefore, insufficient evidence supports a jury conviction for theft of government property.

Accordingly, the Court GRANTS Defendant's motion for judgment of acquittal as to the theft of government property charge (Count 28). As such, Defendant is also acquitted as to the derivative money laundering (Counts 30, 33, 34, 38, and 45) and conspiracy (Count 29) counts.

## B. Conditional Determination of a New Trial

Under Federal Rule of Criminal Procedure 29(d), "[i]f the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed." Both parties in their briefs sought the Court's conditional determination of a new trial. At the motion hearing held on July 28,

2022, the Court initially declined the Government's request that arguments be heard on this issue pertaining to the conditionally grant of a new trial. However, upon further review of the materials and relevant case law, the Court will permit the parties to argue this issue. The parties are therefore ordered to be prepared to argue on September 2, 2022 whether a new trial should be granted if the Court's judgment of acquittal is later reversed. In addition to any other arguments, the parties shall be prepared to discuss Instruction No. 19 defining "Knowingly" as:

> An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. <u>The government is not required to prove that the defendant knew that his acts or omissions were unlawful</u> . . .

(Emphasis added). (Jury Instructions, ECF No. 557.)  The parties shall discuss whether the second sentence diluted the mens rea for the specific intent crimes charged, thereby warranting a new trial.

### IV.    CONCLUSION

For the reasons set forth above, Defendant's motion for judgment of acquittal as to the remaining seven counts is GRANTED. Defendant Smith is therefore acquitted as to all 34 counts against him.

IT IS SO ORDERED this 26th day of August, 2022.

_____
RAMONA V. MANGLONA
Designated Judge

11